# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 1999-CA-00406-SCT

*SCRUGGS, MILLETTE, BOZEMAN & DENT, P.A. f/k/a SCRUGGS, MILLETTE, LAWSON, BOZEMAN & DENT, P. A., RICHARD F. SCRUGGS, RICHARD F. SCRUGGS, P. A. AND ASBESTOS GROUP, P.A.*

*v.*

*MERKEL & COCKE, P.A., WILLIAM ROBERTS WILSON, JR., AND WILLIAM ROBERTS WILSON, JR., P.A.*

## CONSOLIDATED WITH

## NO. 2000-CA-01370-SCT

*SCRUGGS, MILLETTE, BOZEMAN & DENT, P.A; RICHARD F. SCRUGGS, ASBESTOS GROUP, P.A. AND RICHARD F. SCRUGGS, P.A.*

*v.*

*MERKEL AND COCKE, P. A.*

| | |
|---|---|
| DATE OF JUDGMENT: | 8/4/2000 |
| TRIAL JUDGE: | HON. WILLIAM G. WILLARD, JR. |
| COURT FROM WHICH APPEALED: | COAHOMA COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | DANIEL M. WEIR |
| | JEFFERY P. REYNOLDS |
| | JIM WARREN |
| | JAMES L. CARROLL |
| | CHARLES E. WEBSTER |
| | MYLES A. PARKER |
| | H. HUNTER TWIFORD |
| | KATE MARGOLIS |
| | TERI DUNAWAY GLEASON |
| ATTORNEYS FOR APPELLEE: | CHARLES M. MERKEL |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | REVERSED AND RENDERED - 12/13/2001 |

MOTION FOR REHEARING FILED:

MANDATE ISSUED:                  1/3/2002

**EN BANC.**

**EASLEY, JUSTICE, FOR THE COURT:**

¶1. In September of 1997, Scruggs, Millette, Bozeman & Dent, P.A. ("SMBD") filed a lawsuit in the Jackson County Chancery Court against Merkel & Cocke, P.A. ("Merkel & Cocke"), Charles Merkel ("Merkel"), Cynthia Mitchell ("Mitchell"), William Roberts Wilson, Jr., P.A. ("Wilson") and Asbestos Group, P.A ("Asbestos Group"). Prior to SMBD bringing the Jackson County action, Scruggs assigned his interest in the *Scott* litigation over to SMBD. The lawsuit filed in Jackson County placed in issue the alleged mishandling of attorneys' fees received by Merkel & Cocke in 1994. These fees were derived from the *Scott* litigation, a wrongful death action against the asbestos industry.

¶2. Approximately six (6) months later, on March 26, 1998, Merkel & Cocke filed the instant action in the Chancery Court of Coahoma County seeking to interplead a share of the 1996 and 1998 attorneys' fees received from the *Scott* litigation. SMBD responded by filing a motion to dismiss Merkel & Cocke's complaint, primarily stating that the complaint should be barred by the doctrine of priority jurisdiction as the attorneys' fees were already an issue in the Jackson County Chancery Court litigation. Richard F. Scruggs, Richard F. Scruggs, P.A., and Asbestos Group, P.A., (hereafter collectively referred to as "Scruggs") also filed a motion to dismiss upon similar grounds. The Coahoma County Chancery Court denied both motions to dismiss and granted the interpleader relief, finding Merkel & Cocke to be a disinterested stakeholder with respect to the $4,953.43 of attorneys' fees interpled. The Coahoma County Chancery Court also discharged Merkel & Cocke from any liability for the handling of the interpled funds and transferred the remaining dispute over entitlement to pending litigation in the Circuit Court of Hinds County. Additionally, the Coahoma Chancery Court ordered SMBD to pay Merkel & Cocke attorneys' fees pursuant to Miss. R. Civ. P. 11(b). Both SMBD and Scruggs timely perfected an appeal to this Court. This Court, in its opinion dated July 20, 2000, dismissed the appeal. This Court held that "in the absence of a Rule 54(b) certification, the orders are interlocutory and are not appealable as final judgments," and the appeal was dismissed. *Scruggs, Millette, Bozeman & Dent, P.A. v. Merkel & Cocke, P.A.*, 763 So.2d 869, 872 (Miss. 2000). From that ruling, Merkel & Cocke obtained certification of a final judgment pursuant to Rule 54(b) of the Coahoma County Chancery Court on August 4, 2000. This appeal is taken from the final judgment of the Chancery Court of Coahoma County.

## STATEMENT OF ISSUES

**I. WHETHER MERKEL & COCKE WERE REQUIRED TO FILE ITS CLAIM FOR INTERPLEADER RELIEF AS A COMPULSORY COUNTERCLAIM IN THE JACKSON COUNTY LITIGATION?**

**II. WHETHER MERKEL & COCKE'S ACCOUNTING ISSUES IN JACKSON COUNTY CHANCERY COURT SHOULD BE TRANSFERRED TO HINDS COUNTY CIRCUIT COURT?**

**III. WHETHER THE CHANCELLOR ERRED IN GRANTING THE INTERPLEADER AND RELIEVING MERKEL AND COCKE FROM LIABILITY?**

**IV. WHETHER THE CHANCELLOR ERRED IN AWARDING ATTORNEYS' FEES TO MERKEL & COCKE?**

## LEGAL ANALYSIS

### I. Compulsory Counterclaim

¶3. Scruggs and SMBD contend that the Coahoma County Chancery Court erred in accepting jurisdiction and granting the interpleader requested by Merkel & Cocke. Scruggs and SMBD argue that Merkel & Cocke had a compulsory counterclaim which should have been filed in Jackson County Chancery Court as part of the already pending claims and litigation. In *Fulgham v. Snell*, 548 So.2d 1320, 1323 (Miss. 1989), this Court stated that when a party does not file a compulsory counterclaim, the right to raise that claim in subsequent litigation is thereby waived. Mississippi Rules of Civil Procedure 13(a) establishes when filing a compulsory counterclaim is proper. Rule 13(a)(1)-(3) of M.R.C.P. states as follows:

> (a) Compulsory Counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for it adjudication the presence of third parties over whom the court cannot acquire jurisdiction. But the pleader need not state the claim if:

> (1) at the time the action was commenced the claim was the subject of another pending action; or

> (2) the opposing party brought suit upon his claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this Rule 13; or

> (3) the opposing party's claim is one which an insurer is defending.

> In the event an otherwise compulsory counterclaim is not asserted in reliance upon any exception stated in paragraph (a), re-litigation of the claim may nevertheless be barred by the doctrines of res judicata or collateral estoppel by judgment in the vent certain issues are determined adversely to the party electing not to assert the claim.

M.R.C.P. 13.

¶4. In *Magee v. Griffin*, 345 So.2d 1027, 1032 (Miss. 1977), this Court further stated:

> It is, and should be, a paramount concern of the judiciary to prevent multiple suits where one suit will suffice. There is a tendency, perhaps, to forget that one who undergoes the rigors of an action, with all of its traumatic impact, loss of time, delay, substantial expense and disruption of his affairs, with consequent appeals and possible retrials and still other appeals, should be spared having to do this more often than is strictly necessary. Even the successful party after bearing the expense of one trial and of one appeal is, in many instances, hardly a winner.

A logical relation must exist between the claim and the counterclaim for the counterclaim to be a compulsory counterclaim. M.R.C.P. 13(a); *Fulgham*, 548 So.2d at 1322.

¶5. This Court in *Fulgham* developed a test for whether the case in question arose from the same transaction or occurrence on which the opposing action was based as required under M.R.C.P. 13(a) for a compulsory counterclaim. In *Fulgham*, the Court used the following questions to determine the connection of the claim to the counterclaim:

(1) Whether the same evidence or witnesses are relevant to both claims;

(2) Whether the issues of law and fact in the counterclaim are largely the same as those in the plaintiff's claim;

(3) Whether, if the counterclaim were asserted in a later lawsuit, it would be barred by res judicata;

(4) Whether or not both claims are based on a "common nucleus of operative fact"?

548 So.2d at 1322-23 (citing Robertson, *Joinder of Claims and Parties - Rule 13, 14, 17, and 18*; 52 Miss. L.J. 47, 48-63 (1982)).

¶6. The United States Court of Appeals for the Fifth Circuit has adopted the "logical relation test" to determine whether a counterclaim is compulsory or permissive. In *Plant v. Blazer Fin. Servs.*, 598 F.2d 1357, 1361 (5th Cir. 1979), the Fifth Circuit stated that "the test which has commended itself to most courts, including our own, is the logical relation test." The logical relation test is based on the "interest of avoiding a multiplicity of suits." *Id*.; 3 Moore's Federal Practice ¶13. 13 at 300. The Court in an earlier case defined "logical relationship" as existing when a counterclaim arises from the same "aggregate of operative facts."*Revere Copper & Brass, Inc. v. Aetna Cas. & Sur. Co.*, 426 F.2d 709, 715 (5th Cir. 1979). This is applicable where the same operative facts that serve as the basis of both claims also create additional legal counterclaims from the opposing party. *Plant*, 598 F.2d at 1361.

¶7. Merkel & Cocke argues that the doctrine of priority jurisdiction cannot possibly apply to the facts at hand. Merkel & Cocke alleges that neither the same subject matter nor the rights of the same parties are being adjudicated. In support of its position, Merkel & Cocke cites *In re D.L.D.*, 606 So.2d 1125 (Miss. 1992). There, this Court stated for the "priority of jurisdiction" rule, "which prevents interference by another court with the jurisdiction of the court first assuming it," to be applicable "the second action should be between the same parties, *seeking on the one hand, and opposing on the other, the same remedy, and should relate to the question*."*Id.* at 1129 (quoting *Beggiani*, 519 So.2d at 1210).

¶8. We find that the parties of both the Jackson County Chancery Court and Coahoma County Chancery Court litigation are clearly the same parties. Furthermore, both cases address the issues derived from the *Scott* litigation and its disbursement of attorneys' fees from that litigation.

¶9. The parties named in the Jackson County Chancery Court action were as follows: Plaintiff, SMBD (as successors in interest to Scruggs), and Defendants, Wilson; Alwyn H. Luckey ("Luckey"); Merkel & Cocke; Merkel, individually, and as shareholder in Merkel & Cocke; Mitchell, individually and as shareholder in Merkel & Cocke; and Asbestos Group.[1]

¶10. The pending Jackson County Chancery Court litigation sought to address: (1) an accounting from

Merkel & Cocke, Merkel, Mitchell, Wilson and Luckey, for the attorneys' fees received from the **Scott** litigation settlements in order to be able to ascertain the extent or amounts of fees improperly paid; (2) the intentional willful and reckless interference by Merkel & Cocke, Merkel, Mitchell and Luckey with the agreement between Scruggs and Wilson, despite their knowledge of Scruggs's and Wilson's agreement, in a total disregard for the law and the rights of others; and (3) a determination of the validity of the August 1992 agreement for attorneys' fees between Scruggs and Wilson.

¶11. The complaint filed in Jackson County Chancery Court was filed on September 22, 1997, obviously preceding the complaint filed in Coahoma County Chancery Court on March 26, 1998. The Coahoma County Chancery Court case named the following parties: Plaintiff, Merkel & Cocke and Defendants, Scruggs; SMBD; Wilson; William Roberts Wilson, Jr., P.A.; Luckey; and Asbestos Group. In the Coahoma County Chancery Court complaint, Merkel & Cocke sought to interplead $4,953.43 into the registry of the court and to be discharged from further responsibilities and liability as to the attorneys' fees from the **Scott** litigation already in legal dispute in the Jackson County Chancery Court litigation.

¶12. In **Ciechanowicz v. Bowery Savs. Bank**, 19 F.R.D. 367 (S.D.N.Y. 1956), a New York federal district court, relying on F.R.C.P. 13(a), determined that the defendant's prayer for interpleader was a compulsory counterclaim arising out of the same subject matter as the plaintiff's claim. Therefore, the interpleader did not require an independent basis of federal jurisdiction to be brought in federal court. The interpleader was ancillary to the federal action that was properly founded on diversity of citizenship since it involved the same subject matter and parties of the already pending federal litigation.

¶13. In the case sub judice, the Jackson County Chancery Court action and the later filed Coahoma County Chancery Court action both clearly addressed the same parties, as well as, the same issues in controversy.

¶14. Since the claim filed by Merkel & Cocke addressed the same parties and controversy as the action previously filed by SMBD in Jackson County Chancery Court, Merkel & Cocke's claim for interpleader should have been filed as a compulsory counterclaim in the Jackson County Chancery Court action pursuant to M.R.C.P. 13(a). In other words, we find that the interpled funds should have been pled as a compulsory counterclaim in the Jackson County Chancery Court litigation rather than filed as multiple litigation involving the same parties and controversies in another chancery court in another county. *See* M.R.C.P. 13(a). We find that the Coahoma Chancery Court lacked jurisdiction over Merkel & Cocke's interpleader action.

¶15. This Court has repeatedly stated that it is a "well established rule in this jurisdiction that where two (2) suits between the same parties over the same controversy are brought in courts of concurrent jurisdiction, the court which first acquires jurisdiction retains jurisdiction over the whole controversy to the exclusion or abatement of the second suit." **Beggiani**, 519 So.2d at 1210. *See* **Hancock v. Farm Bureau Ins. Co.**, 403 So.2d 877 (Miss. 1981); **Huffman v. Griffin**, 337 So.2d 715 (Miss. 1976). In **Huffman**, 337 So.2d at 719, this Court also stated that "in this state priority of jurisdiction between courts of concurrent jurisdiction is determined by the date the initial pleading is filed, provided process issues in due course." *See* **Euclid-Mississippi v. Western Cas. & Sur. Co.**, 249 Miss. 547, 559-60, 163 So.2d 676 (1964); **Shackelford v. New York Underwriters Ins. Co.**, 189 Miss. 396, 407-08, 198 So. 31 (1940). "The court which first acquires jurisdiction retains jurisdiction over the whole controversy to the exclusion or abatement of the second suit. **Huffman**, 337 So.2d at 719; *see* **Lee v. Lee**, 232 So.2d 370, 373 (Miss.

1970), 20 Am.Jur.2d *Courts* § 128, at 481 (1965); 1 C.J.S. *Abatement and Revival* § 33, at 58-59 (1936); 21 C.J.S. *Courts* § 492, at 745 (1940). Further, it has been stated, in regard to the "priority of jurisdiction" rule that:

> In order that the rule may be applicable which prevents interference by another court with the jurisdiction of the court first assuming it, the second action should be between the same parties, seeking on the one hand, and opposing on the other, the same remedy, and should relate to the same questions.

*Beggiani*, 519 So.2d at 1210 (emphasis added).

¶16. We find that the Coahoma County Chancery Court erred in accepting jurisdiction over Merkel & Cocke's interpleader. We further hold that the Coahoma County Chancery Court lacked jurisdiction under the doctrine of priority of jurisdiction. If Merkel &Cocke seek interpleader relief, the pending litigation in the Chancery Court of Jackson County is the proper jurisdiction for Merkel & Cocke to bring its action to interplead funds as a compulsory counterclaim to the pending Jackson County Chancery Court litigation.

## II. Accounting Issue

¶17. Merkel & Cocke contend that all other parties that are necessary in order to litigate the accounting of funds received and disbursed from all other asbestos settlements including *Scott* have already been joined in the pending litigation in the Circuit Court of Hinds County. Merkel & Cocke seek to have all accounting issues involving Merkel & Cocke in the Jackson County Chancery Court litigation transferred to Hinds County Circuit Court.

¶18. It should first be noted that the jurisdiction of the accounting issue involving Merkle & Cocke in the Jackson County Chancery Court is not properly before us at this time. The action before this Court is an appeal from the judgment of the Coahoma County Chancery Court, and the issue raised is whether that court lacked jurisdiction to render the appealed judgment because of the prior jurisdiction of the Jackson County Chancery Court. The question of whether Hinds County Circuit Court has prior jurisdiction over Jackson County Chancery Court is not properly before us at this time and could be brought before us only by an appeal from a judgment of the Jackson County Chancery Court.

¶19. Furthermore, even assuming the question of Jackson County's jurisdiction were properly before this Court, the doctrine of priority of jurisdiction would not preclude the Jackson County Chancery Court from maintaining jurisdiction over the action before it. For the doctrine of priority jurisdiction to apply, the second action must be "between the *same parties*, seeking on the one hand, and opposing on the other, the same remedy, and should relate to the same question." *In re D.L.D.*, 606 So. 2d at 1129 (quoting *Beggiani*, 519 So. 2d at 1210 (emphasis added)). Merkel & Cocke, Merkel, and Mitchell, all parties to the action in Jackson County Chancery Court, are not parties to the action in Hinds County Circuit Court. Rather, Merkel & Cocke represents Luckey in the Hinds County Circuit Court action. Also, Luckey, Wilson, and the Asbestos Group have been dismissed from the action in Jackson County Chancery Court based on that court's finding that Hinds County Circuit Court had priority jurisdiction over the *Scott* fees at issue. The only action left pending in Jackson County Chancery Court is SMBD's claim against Merkel & Cocke, Merkel, and Mitchell for alleged tortious interference with Scruggs's contractual relationship with Wilson. The Jackson County Chancery Court has held the remaining claim against Merkel & Cocke in abeyance pending the outcome of the Hinds County Circuit Court action because the outcome could potentially affect

the Jackson County Chancery Court action against Merkel & Cocke.

¶20. The Jackson County Chancery Court has recognized the prior jurisdiction of the Hinds County Circuit Court. Not only is this question not properly before us, but the doctrine of priority of jurisdiction does not apply to the action before the Jackson County Chancery Court.

### III. Interpleader

¶21. SMBD contends that the Coahoma County Chancery Court erred in discharging Merkel & Cocke from all liability associated with the interpled funds.

¶22. The comment to [Rule 22 of the M.R.C.P.](#) states that:

> [T]he purpose of Rule 22, interpleader, is to permit a stakeholder who is uncertain if and to whom he is liable for money or properly held by him to join those who are or who might asset claims against him and to thereby obtain a judicial determination for the proper disbursement of the money or property.

¶23. In *First Nat'l Bank v. Middleton*, 480 So.2d 1153, 1155 (Miss. 1985), this Court stated:

> We are of the opinion that Rule 22 of the Mississippi Rules of Civil Procedure, adopted by this Court on May 26, 1981, terminated the historical requirements for interpleader in the chancery courts. We are of the opinion that Rule 22 does not enlarge the jurisdiction of the chancery courts, that it is procedural, and its purpose is to broaden and extend the scope of the remedy in the chancery court.

¶24. The comment to Rule 22 of M.R.C.P. further states:

> Historically, equitable interpleader was characterized by four requirements: (1) the same thing, debt or duty must be claimed by both or all the parties against whom the relief is demanded; (2) all their adverse titles or claims must be dependent on or be derived from a common source; (3) the person asking the relief - the plaintiff - must not have or claim any interest in the subject matter; (4) he must have incurred no independent liability to either of the claimants; that is, he must stand perfectly indifferent between them, in the position of a stakeholder. *See* V. Griffith, *Mississippi Chancery Practice*, § § 420-426 (2d ed. 1950). It is intended that Rule 22 be applied liberally with the view toward increasing the availability of interpleader in eliminating historical technical restraints on the device that are not founded on adequate policy consideration. As a result, the four historic limitations on interpleader should be of no great significance.

¶25. We find that an interpleader action was available to Merkel & Cocke to use to facilitate paying the attorneys' fees within their possession into the registry of the court. However, Merkel and Cocke's action for interpleader should have been brought as a compulsory counterclaim to the pending litigation in the Chancery Court of Jackson County. The Coahoma County Chancery Court erred by assuming jurisdiction of the interpleader action and deciding Merkel & Cocke's liability in connection with the attorneys' fees. As previously stated, we find that the Coahoma County Chancery Court erred in allowing Merkel & Cocke to proceed with the interpleader and further erred in releasing Merkel & Cocke from all liability in connection with the interpled funds.

### IV. Attorneys' Fees

¶26. The Coahoma County Chancery Court granted Merkel & Cocke attorney fees against SMBD. It found SMBD's Motion to Dismiss Merkel & Cocke's interpleader to be without merit.

¶27. In ***Brown v. Hartford Ins. Co.***, 606 So.2d 122, 127 (Miss. 1992), this Court stated:

> Sanctions are appropriate when a claim is either frivolous or filed for harassment value.... When a party espouses a viable legal theory, MRCP 11 sanctions are inappropriate.

*See **Bean v. Broussard***, 578 So.2d 908, 912-13 (Miss. 1991) (citing ***Dethlefs v. Beau Maison Dev. Corp.***, 511 So.2d 112, 118 (Miss. 1987)). *See also **Tricon Metals & Sers., Inc. v. Topp***, 537 So.2d 1331, 1335 (Miss. 1989).

¶28. Rule 11 (b) of M.R.C.P states in pertinent part as follows:

> If any party files a motion or pleading which in the opinion of the court, is frivolous or is filed for the purpose of harassment or delay, the court may order such a party, or his attorney, or both, to pay to the opposing party of parties the reasonable expenses incurred by such other parties and by their attorneys, including reasonable attorney's fees.

¶29. To say that a legal argument is viewed as weak is not enough to establish that the argument was brought for the purpose to harass the other parties or that it is without merit. *See **In re Fankboner v. Jones***, 638 So.2d 493, 498 (Miss. 1994); ***Brown v. Hartford Ins. Co.***, 606 So.2d at 127. In order to avoid Rule 11(b) sanctions, the party or his attorney at the time of filing the pleading or pleadings, when viewed objectively, must have reasonably believed that he had a "hope of success." ***In re Fankboner***, 638 So.2d at 498; ***Bean***, 587 So.2d at 912; ***Tricon Metals***, 537 So.2d at 1336.

¶30. We have determined the Coahoma County Chancery Court erred in not dismissing Merkel and Cocke's interpleader action under the doctrine of priority of jurisdiction. Merkel and Cocke's interpleader should have been brought as a compulsory counterclaim in the pending Jackson County litigation. Since, SMBD presented a viable legal argument, Rule 11(b) sanctions were improper.

## CONCLUSION

¶31. For all the foregoing reasons, the Coahoma County Chancery Court erred as to all issues raised by SMBD. Therefore, the judgment of the Coahoma County Chancery Court is reversed and rendered. Merkel & Cocke can seek interpleader relief by filing an interpleader action as a compulsory counterclaim in the prior pending Jackson County Chancery Court litigation.

¶32. **REVERSED AND RENDERED**.

**PITTMAN, C.J., SMITH, P.J., WALLER, COBB, DIAZ AND GRAVES, JJ., CONCUR. McRAE, P.J., AND CARLSON, J., NOT PARTICIPATING.**

1. Wilson, Luckey and Asbestos Group were all dropped from the Jackson County action based on the pending Hinds County Circuit Court case's priority of jurisdiction over their claims. The pending litigation in Hinds County Chancery Court addresses the issue of accounting for the attorneys' fees received from asbestos litigation and settlements involving Scruggs, Wilson, Luckey, and Asbestos Group.