## IN THE SUPREME COURT OF MISSISSIPPI

### NO. 2000-CA-01780-SCT

*PRENTISS COUNTY BOARD OF*

*EDUCATION AND JAMES H. HOLT*

*v.*

*VIRGINIA BEAUMONT, EXECUTRIX OF THE*

*ESTATE OF CHARLES BEAUMONT*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/22/2000 |
| TRIAL JUDGE: | HON. FRANK A. RUSSELL |
| COURT FROM WHICH APPEALED: | PRENTISS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | JOHN BENTON CLARK |
| | WILTON V. BYARS, III |
| | MITCHELL ORVIS DRISKELL, III |
| ATTORNEY FOR APPELLEE: | DUNCAN L. LOTT |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND REMANDED - 02/14/2002 |
| MOTION FOR REHEARING FILED: | 2/25/2002; denied 5/23/2002 |
| MANDATE ISSUED: | 5/30/2002 |

**EN BANC.**

**WALLER, JUSTICE, FOR THE COURT:**

### INTRODUCTION

¶1. James H. Holt was employed by Prentiss County Board of Education as a school bus driver. While Holt was in the course and scope of his employment with the Board driving a Prentiss County school bus, a motor vehicle accident occurred, and several people, including Charles Beaumont, were injured.

¶2. In this case brought under the Mississippi Tort Claims Act (MTCA), Miss. Code Ann. §§ 11-46-1 to -23 (Supp. 2001), we consider whether a trial court erred in refusing to reduce an excess judgment against a governmental entity to the amount of its available liability insurance coverage.

¶3. Beaumont admits that the Board is a "governmental entity" as contemplated under the Mississippi Tort Claims Act. *See id.* § 11-46-1(g) & (i).[1] Pursuant to § 11-46-17(4),[2] the Board purchased an automobile liability insurance policy from the Hartford Casualty Insurance Company with aggregate limits of $1,000,000. Hartford paid out $449,304.47 for settlement of claims other than Beaumont's personal injury claim[3] and arising from the same accident. Beaumont did not wish to settle his personal injury claim, but proceeded to trial on damages only. The Circuit Court of Prentiss County rendered a judgment in favor of Beaumont in the amount of $800,000. Because there was only $550,695.52 left from the $1,000,000 aggregate limits available for this single occurrence in which to pay Beaumont's judgment, the Board and Holt filed a motion to reduce the judgment to $550,695.52. The trial court denied the motion, stating:

> [T]he voluntary settlement of these other claims by [Hartford] does not reduce the applicable limits stated in the insurance policy as they were not a judgment or verdict against the Prentiss County Board of Education.

> \* \* \*

> The statute in question does not allow for a reduction to the "available liability limits" as proposed by the defendants, but only as to "the extent of such excess liability insurance carried."

¶4. The Board and Holt appeal from the trial court's denial of this motion. Since Mississippi is a "single occurrence" state, and given the explicit language of Miss. Code Ann. § 11-46-15(3) (Supp. 2001), requiring the reduction here, we reverse and remand for entry of a new judgment in the amount of available liability insurance coverage.

## DISCUSSION

¶5. The trial court's statutory interpretation is a question of law which we review de novo. *Maldonado v. Kelly*, 768 So. 2d 906, 908 (Miss. 2000). Mississippi is a "single occurrence" state under §11-46-15(1) .[4] All of the claimants from the school bus accident must therefore share in, and their damages are limited to, the $1,000,000 aggregate limits of coverage from the policy. The trial court's ruling directly contravenes section 11-46-15(3).[5]

¶6. The MTCA provides the exclusive remedy for all claims or suits seeking damages against a governmental entity and its employees. Miss. Code Ann. § 11-46-7(1) (Supp. 2001).[6] *See also L.W. v. McComb Separate Mun. Sch. Dist.*, 754 So. 2d 1136, 1138 (Miss. 1999). Therefore, § 11-46-15(3), which mandates a reduction of Beaumont's judgment, must be followed. Beaumont seeks to avoid the limitation of liability by arguing, without authority, that the prior payments were voluntary and therefore do not reduce the waiver of immunity. We reject this argument. Negotiating claims that the insurer has an obligation to defend and settle is not a voluntary payment. *See Harmon v. State Farm Mut. Auto. Ins. Co.*, 232 So. 2d 206, 207-08 (Fla. Dist. Ct. App. 1970) (insurer faced with multiple claims arising out of same accident has right to enter into reasonable settlements with some claimants).

## CONCLUSION

¶7. Because Mississippi is a "single occurrence" state and the trial court's denial of the motion to reduce the judgment directly contravenes § 11-46-15(3), we reverse the trial court's judgment and its order denying the motion to reduce the verdict and remand this case with directions that the trial court enter a new judgment in favor of Charles Beaumont and against the Prentiss County Board of Education for $550,695.52, the balance of the $1,000,000 insurance proceeds.

¶8. **REVERSED AND REMANDED.**

> **PITTMAN, C.J., SMITH, P.J., COBB AND CARLSON, JJ., CONCUR. McRAE, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION. DIAZ, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY McRAE, P.J., EASLEY AND GRAVES, JJ.**

> **McRAE, PRESIDING JUSTICE, DISSENTING:**

¶9. The Mississippi Tort Claims Act sets out the available relief for claims or suits seeking damages against a government agency or entity and its employees. As a provision of the MTCA, **each governmental entity** is liable "[f]or claims or causes of action arising from [a single act or omission] occurring on or after July 1, 1997, but before July 1, 2001, [up to] the sum of Two Hundred Fifty Thousand Dollars ($250, 000.00)." Miss. Code Ann. § 11-46-15 (1)(b) (Supp. 2001). In addition, § 11-46-17 provides that any governmental entity may purchase supplemental liability insurance. The pertinent portion of this statute (subsection (4)) reads as follows:

> Any governmental entity of the state may purchase liability insurance to cover claims in excess of the amounts provided for in § 11-46-15 and may be sued by anyone in excess of the amounts provided for in § 11-46-15 to the extent of such excess insurance carried; provided however, that the immunity from suit above the amounts provided for in § 11-46-15 shall be waived only to the extent of such liability insurance carried.

Miss. Code Ann. § 11-46-17(4) (Supp. 2001).

¶10. An interpretation of § 11-46-15 reveals that there is a million dollars of insurance coverage over and above the statutory $250,000 liability limit. Therefore, the Board's coverage has not exhausted the statutorily mandated $250,000. The Board cites § 11-46-15(3) which states that if the verdict exceeds the maximum dollar amount of liability provided in subsection (1) of said section, the Court shall reduce the verdict accordingly and enter judgment in an amount not to exceed the maximum dollar amount of liability provided in subsection (1). The foregoing statement is true, but by purchasing additional liability insurance, the Board actually increased its liability coverage. The amount awarded by the trial court in this situation did not exceed the maximum dollar amount of liability coverage when taking into account the MTCA's Tort Claim Fund and the supplemental insurance with Hartford.

¶11. The Prentiss County Board of Education had a policy for $1,000,000 of extra liability insurance. Therefore, in accordance with our previous holdings, the school district is liable for the first $250,000 under the MTCA's Tort Claim Fund, and Hartford is responsible for any additional award of up to $1,000,000. *See City of Jackson v. Perry*, 764 So. 2d 373, 381 (Miss. 2000); *L.W. v. McComb Separate Mun. Sch. Dist.,* 754 So.2d 1136, 1144-45 (Miss. 1999). The Board has voluntarily settled other claims arising from this same accident for a total of $449,304.47. $1,250,000 less $449,304.47 leaves $800,695.53 for which Hartford is liable under its policy. Thus, the trial judge did not err in awarding damages of $800,000 as he found this amount within Hartford's liability coverage.

¶12. In the alternative, Hartford has allowed itself to be liable for a judgment in excess of the amount of coverage since it voluntarily settled and made payments to some parties. In order to avoid the possibility of liability for amounts greater than the $1,000,000 policy, Hartford should have filed an interpleader action under Rule 22 of the Mississippi Rules of Civil Procedure in the lower court so it could decide the amounts of money due to all parties involved. *See Scruggs, Millette, Bozeman & Dent, P.A. v. Merkel & Cocke, P.A.,* 2001 WL 1587918 (Miss. 2001); *Chic Creations of Bonita Lakes Mall v. Doleac Elec. Co.,* 791 So.2d 254 (Miss. Ct. App. 2000). The majorities in both of these cases cite the comment to Rule 22 of the M.R.C.P. which states that the purpose of Rule 22 is to let a stakeholder procure a judicial determination of the correct apportionment of the funds held by the stakeholder. *Scruggs,* 2001 WL 1587918, at *6; *Chic,* 791 So.2d at 257. Interpleader is proper when the stakeholder is unsure of to whom he is liable and/or when there are concerns about the possibility of multiple claims against a single

fund. *Id.* An interpleader action was available to Hartford as a means to resolve all claims against it, and it would have been prudent to avail itself of the benefits provided in Rule 22.

¶13. The majority holds that Hartford's previous settlements are not voluntary because it had an obligation to defend against said claims. However, the only authority cited is a 1970 case decided in the Florida District Court of Appeals. This case is not controlling in Mississippi. Accordingly, I dissent.

### DIAZ, JUSTICE, DISSENTING:

¶14. The majority finds that Charles Beaumont's damages should be reduced to the limit of the insurance policy held by the Board of Supervisors under the authority of Miss. Code Ann. § 11-46-15(3) (Supp. 2001). I agree that Miss. Code Ann. § 11-46-15(3) requires a judgment to be reduced to the policy limits in situations where there is a single claimant, but I do not believe that statute encompasses a situation where a governmental unit chooses to settle some claims and arbitrarily assign their own value to those claims. For reasons which will be discussed below, I respectfully dissent.

¶15. The majority does not discuss the fact that the school district settled several claims arising out of this accident before a judgment was entered in Beaumont's case. One such settlement was in the amount of approximately $435,000.00. I believe it is unconscionable for this Court to allow defendants to pay one victim a substantial amount of money in settlement, then subsequently apply the remaining funds in the policy to the victim who chooses to go to trial, especially when M.R.C.P. 22 provides a fair procedure to handle cases where there is a limited fund and multiple claimants.

¶16. In *Chic Creations of Bonita Lakes Mall v. Doleac Elec. Co.*, 791 So.2d 254, 257 (Miss. Ct. App. 2000), the Court of Appeals held that when a defendant is faced with multiple claims, the prudent measure is to file a Rule 22 interpleader action. I agree with Beaumont's argument that the school district's decision to spend money out of the $1 million policy should not be binding on Beaumont. I would grant Beaumont's very reasonable request that this Court find the insurance company, not the school district, liable for the entire amount of his judgment.

### McRAE, P.J., EASLEY AND GRAVES, JJ., JOIN THIS OPINION.

1. Miss. Code Ann. § 11-46-1 (Supp. 2001):

   (g) "Governmental entity" means and includes the state and political subdivisions as herein defined.

   * * *

   (i) "Political subdivision" means any body politic or body corporate other than the state responsible for governmental activities only in geographic areas smaller than that of the state, including but not limited to any county, municipality, school district, . . . .

2. Miss. Code Ann. § 11-46-17(4) (Supp. 2001):

   (4) Any governmental entity of the state may purchase liability insurance to cover claims in excess of the amounts provided for in Section 11-46-15 and may be sued by anyone in excess of the amounts provided for in Section 11-46-15 to the extent of such excess insurance carried; provided, however, that the immunity from suit above the amounts provided for in Section 11-46-15 shall be waived only

to the extent of such excess liability insurance carried.

3. Beaumont's property damage claim was settled and is not a subject of this appeal.

4. Miss. Code Ann. § 11-46-15(1) (Supp. 2001):

> (1) In any claim or suit for damages against a governmental entity or its employee brought under the provisions of this chapter, the liability shall not exceed the following **for all claims arising out of a single occurrence for all damages** permitted under this chapter. . . .

(emphasis added).

5. Miss. Code Ann. § 11-46-15(3) (Supp. 2001):

> (3) Except as otherwise provided in Section 11-46-17(4), in any suit brought under the provisions of this chapter, if the verdict which is returned, when added to costs and any attorney's fees authorized by law, would exceed the maximum dollar amount of liability provided in subsection (1) of this section, **the court shall reduce the verdict accordingly and enter judgment in an amount not to exceed the maximum dollar amount of liability** provided in subsection (1) of this section.

(emphasis added).

6. Miss. Code Ann. § 11-46-7(1) (Supp. 2001):

> (1) The remedy provided by this chapter against a governmental entity or its employee is exclusive of any other civil action or civil proceeding by reason of the same subject matter against the governmental entity or its employee or the estate of the employee for the act or omission which gave rise to the claim or suit; and any claim made or suit filed against a governmental entity or its employee to recover damages for any injury for which immunity has been waived under this chapter shall be brought only under the provisions of this chapter, notwithstanding the provisions of any other law to the contrary.