CARLTON, J.,
 

 for the Court:
 

 ¶ 1. George T. Crocker filed the above cause of action initially in the Justice Court of Yalobusha County to collect the balance of a personal loan allegedly owed by P. Gayle Moorman. Upon Moorman’s failure to answer or otherwise defend in justice court, Crocker obtained a default judgment against her in the amount of $2,064 on July 17, 2007. Thereafter, Moorman filed a timely notice of appeal from justice court to the Circuit Court of Yalobusha County on July 20, 2007. In appealing the default judgment to the circuit court, Moorman filed a motion for summary judgment to dismiss Crocker’s complaint. Moorman’s motion for summary judgment asserted that the doctrine of res judicata barred Crocker’s complaint due to a prior chancery court action that resulted in settlement of a separate loan and tort claims between these same parties.
 

 ¶ 2. The circuit court denied Moorman’s motion for summary judgment. The circuit court stated that the court lacked the authority to overturn a valid judgment from a lower court. The circuit court fur
 
 *664
 
 ther found the doctrine of res judicata inapplicable. Moorman then asserted a motion for an expedited trial de novo or, in the alternative, for a certification of a final and appealable judgment pursuant to Mississippi Rule of Civil Procedure 54(b). The circuit court however found Moorman not entitled to a trial de novo and entered a final judgment upon finding that Moor-man’s terminal motion failed. Moorman then filed a timely appeal of the circuit court’s judgment. On appeal, Moorman raises the following two assignments of error: (1) whether the circuit court erred in denying her motion for summary judgment based on the doctrine of res judicata and (2) whether the circuit court erred in not allowing Moorman a trial de novo in her appeal from justice court to circuit court.
 

 ¶ 3. We agree with the circuit court’s judgment finding Crocker’s claims not barred by the doctrine of res judicata. However, the circuit court’s dismissal of Moorman’s motion for summary judgment failed to terminate or fully adjudicate the claims Crocker filed against Moorman. Therefore, we find the circuit court erred in denying Moorman a trial de novo on her appeal from justice court. We reverse and remand this case to the circuit court for proceedings consistent with this opinion.
 

 FACTS
 

 ¶ 4. On January 16, 2006, Moorman borrowed $4,000 from Crocker to buy a 1997 Acura for her daughter. According to Crocker, Moorman paid $2,000 toward satisfying the loan in February 2006. However, Crocker alleges that Moorman never made any further payments to satisfy the debt. Nonetheless, approximately two months later, in April 2006, Crocker loaned Moorman $10,000 for a down payment on another vehicle, a 2006 Nissan Altima. According to Crocker, Moorman also defaulted on the second loan. Alleging a number of tort claims, Moorman filed a complaint against Crocker in the Yalobu-sha County Chancery Court, seeking reformation of the contract relative to the second loan for the Nissan Altima. Crock-er answered the complaint and counter-sued for breach of the contract relative to the Nissan Altima.
 

 ¶ 5. On March 20, 2007, the parties entered into an agreed mutual protective order, which, among other things, resolved the dispute over the loan for the Nissan Altima. Neither Moorman’s complaint nor Crocker’s counter-complaint involved the first loan Crocker made to Moorman for the purchase of the 1997 Acura. Then, on June 1, 2007, Crocker filed a complaint in the Yalobusha County Justice Court to collect the balance of the $4,000 loan he made to Moorman for the purchase of the 1997 Acura. Crocker alleged that Moor-man still owed him $2,000 for that loan. Moorman failed to appear to defend the suit, and the justice court entered a default judgment in favor of Crocker for $2,064, representing the balance owed on the loan plus court costs.
 
 [1]
 

 ¶ 6. As stated above, Moorman appealed to the Yalobusha County Circuit Court. Shortly after appealing the default judgment to circuit court, Moorman filed a motion to dismiss Crocker’s complaint against her or, alternatively, for summary judgment. Crocker answered Moorman’s motion and propounded discovery requests, to which Moorman failed to respond. Moorman’s motion for summary judgment alleged the doctrine of res judi-
 
 *665
 
 cata barred Crocker’s complaint, asserting that the agreed protective order entered in chancery court disposed of the issue of the $4,000 loan for the 1997 Acura as well as the separate $10,000 loan for the Nissan Altima.
 

 ¶ 7. The record reflects that circuit court acknowledged that Crocker had failed to call up his own motions to be heard by the circuit judge, including his own motion for summary judgment;
 
 [2]
 
 therefore, no rulings on his motions are before this Court. The circuit court permitted Crocker to re-notice his motions for a hearing at any time. A review of the record shows no indication that Crocker re-noticed his motions and reflects no ruling on Crocker’s motions.
 

 ¶ 8. Relevant to our analysis in this case, the circuit court found the doctrine of res judicata inapplicable in this case. The circuit court found that Moorman failed to show any connection between the suit in justice court for the balance of the first loan Crocker made to Moorman for the 1997 Acura and the suit Moorman filed in chancery court pertaining to tort claims and the loan for the Nissan Altima. We find no error in the circuit court’s denial of Moorman’s motion to dismiss or for summary judgment. However, we find error in the circuit court’s denial of Moorman’s request for a trial de novo and remand this case for further proceedings consistent with this opinion.
 
 See
 
 URCCC 5.01.
 

 DISCUSSION
 

 I. Whether the circuit court erred in denying Moorman’s motion to dismiss or for summary judgment on the basis that the claim is barred by the doctrine of res judicata.
 

 ¶ 9. Moorman alleges that the circuit court erred in denying her motion to dismiss Crocker’s complaint against her. This Court has articulated the following standard of review for challenges to the denial of a motion for summary judgment and for motions to dismiss under Mississippi Rule of Civil Procedure 12(b)(6):
 

 Motions to dismiss under either Mississippi Rule of Civil Procedure 12 or Rule 56 raise questions of law and are reviewed de novo. Rule 12(b)(6) tests the legal sufficiency of a complaint, and provides that dismissal shall be granted to the moving party where the plaintiff has failed to state a claim upon which relief can be granted. In applying this rule a motion to dismiss should not be granted unless it appears beyond a reasonable doubt that the plaintiff will be unable to prove any set of facts in support of the claim. Motions to dismiss under Rule 12(b)(6) are considered on the face of the pleadings alone. Quite differently, Rule 56 tests the notion of well-pled facts and requires a party to present probative evidence demonstrating triable issues of fact. Accordingly, Rule 56(e) provides that summary judgment shall be rendered for the moving party if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
 

 Chalk v. Bertholf,
 
 980 So.2d 290, 293 (¶ 4) (Miss.Ct.App.2007) (internal citations and quotations omitted). The circuit court treated Moorman’s motion as a motion for summary judgment under Rule 56, as it took into account matters outside the pleadings. Regardless, we employ a de novo standard of review.
 
 Id.
 

 
 *666
 
 ¶ 10. Moorman contends that Crocker’s justice court suit is barred by the doctrine of res judicata. She argues that the agreed protective order entered in the chancery court resolved any cause of action Crocker had against Moorman with regard to the $4,000 loan Crocker made to Moorman in January 2006. The doctrine of res judicata operates as a bar to any claims or defenses in a subsequent suit involving the same parties and where the issues, claims, or defenses were brought or could have been brought in the initial suit.
 
 Hill v. Carroll County,
 
 17 So.3d 1081, 1084 (¶ 8) (Miss.2009). The doctrine of res judi-cata bars all claims that were actually litigated in a previous action as well as any claims which
 
 should have been
 
 litigated in a previous cause of action.
 
 Id.
 
 at 1084-85 (¶ 9).
 

 ¶ 11. In order for the doctrine of res judicata to act as a bar to subsequent litigation, Mississippi law requires the presence of the following four identities: “(1) identity of the subject matter of the action; (2) identity of the cause of action; (3) identity of the parties to the cause of action; and (4) identity of the quality or character of a person against whom the claim is made.” Id. (citing
 
 Harrison v. Chandler-Sampson Ins., Inc.,
 
 891 So.2d 224, 232 (¶ 22) (Miss.2005)).
 

 ¶ 12. “The doctrine of res judicata bars a second action between the same parties on the same subject matter directly involved in the prior action.”
 
 Harrison,
 
 891 So.2d at 232 (¶ 26). The chancery court suit involved, among various other torts, the transactions between Crocker and Moorman relative to the Nissan Alti-ma. However, the suit in justice court involved a separate loan Crocker made to Moorman for $4,000 to purchase a different automobile for her daughter.
 

 ¶ 13. Moorman argues that the agreed order in chancery court disposed of all matters, legal or otherwise, between Crocker and Moorman. Therefore, she argues that any claim Crocker might have had against her for the balance of the $4,000 loan was settled with the agreed protective order.
 
 [3]
 
 However, the plain language of the agreed order only disposes of the claims regarding the Nissan Altima. The $4,000 loan was a separate and distinct transaction, and the money Crocker loaned Moorman facilitated the purchase of a different car and set forth different terms for repayment. No identity of subject matter exists.
 

 ¶ 14. Alternatively, Moorman argues that Mississippi Rule of Civil Procedure 13(a) bars Crocker’s justice court suit against her. Rule 13(a) states:
 

 (a) Compulsory counter-claims. A
 

 pleading shall state as a counter-claim any claim which at the time of serving the pleading the pleader has against any opposing party if it arises out of the transaction or occurrence that is the subject matter of the opposing party’s claim and does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction. But the pleader need not state the claim if:
 

 (1) at the time the action was commenced the claim was the subject of another pending action; or
 

 
 *667
 
 (2) the opposing party brought suit upon his claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this Rule 13; or
 

 (3) the opposing party’s claim is one which an insurer is defending.
 

 In the event an otherwise compulsory counter-claim is not asserted in reliance upon any exception stated in paragraph (a), re-litigation of the claim may nevertheless be barred by the doctrines of res judicata or collateral estoppel by judgment in the event certain issues are determined adversely to the party electing not to assert the claim.
 

 ¶ 15. Moorman insists that Crocker’s justice court claim falls under the ambit of Rule 13(a) because Crocker’s claim for the default on the $4,000 loan should have been brought at the same time as his counter-complaint against Moorman for the separate car loan. However, Crocker’s justice court suit did not “arise[] out of the transaction or occurrence that is the subject matter of the opposing party’s claim,” as Rule 13(a) requires. Because the $4,000 loan constituted a separate and distinct transaction from the loan disposed of in chancery court, an application of Rule 13(a) did not require Crocker to bring that cause of action as a compulsory counterclaim. Hence, Moorman’s argument fails using that analysis. Additionally, the Mississippi Rules of Civil Procedure do not apply to justice court.
 
 See
 
 M.R.C.P. 1.
 

 ¶ 16. In any event, no identity of subject matter exists between the two causes of action. Moreover, the two causes of action arose from separate and distinct transactions and, thus, fell outside the scope of Rule 13(a). Therefore, Moor-man’s first assignment of error lacks merit.
 

 II. Whether the circuit court erred by not granting Moorman a trial de novo.
 

 ¶ 17. In her second assignment of error, Moorman contends that the circuit court erred by not granting her a trial de novo on her appeal from justice court. We agree.
 
 See
 
 URCCC 5.01.
 
 See also Britton v. Am. Legion Post 058,
 
 19 So.3d 83, 85 (¶ 7) (Miss.Ct.App.2008) (holding that an appeal from the denial of a motion for summary judgment is interlocutory in nature). Rule 5.01 of the Uniform Rules of Circuit and County Court states that “[direct appeals from justice court and municipal court shall be by trial de novo.” Therefore, we find error in the circuit court’s denial of a trial de novo and remand this case to the circuit court for proceedings consistent with this opinion.
 

 ¶ 18. THE JUDGMENT OF THE YA-LOBUSHA COUNTY CIRCUIT COURT IS AFFIRMED IN PART AND REVERSED AND REMANDED IN PART FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED EQUALLY BETWEEN THE APPELLANT AND THE APPELLEE.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, ISHEE AND MAXWELL, JJ„ CONCUR. ROBERTS, J., CONCURS IN PART AND IN THE RESULT. BARNES, J., CONCURS IN RESULT ONLY.
 

 [1]
 

 . Although Moorman timely appealed the justice court judgment, she failed to file a super-sedeas bond to prevent Crocker from collecting the judgment. On August 21, 2008, Crocker filed a notice of full accord and satisfaction, stating that Moorman’s debt to Crock-er had been satisfied through a garnishment of her wages.
 

 [2]
 

 . Crocker filed motions for summaiy judgment to deem discovery matters admitted and to compel discovery. The motions were noticed but not called up by Crocker to be heard by the circuit judge.
 

 [3]
 

 . Moorman insists that the agreed protective order disposed of Crocker’s present cause of action because Crocker mentioned the $4,000 loan during negotiations for settlement of the chancery court claim. However, the letter only acknowledged that the claim existed and offered to include it in the settlement of the chancery court claim. Moorman rejected that offer. Furthermore, the agreed protective order fails to reflect any agreement by the parties to dispose of the $4,000 loan through the agreed protective order.