ROBERTS, J.,
for the Court:
¶ 1. Seventeen customers of the Pizza Hut in Greenwood, Mississippi, filed a complaint in the Leflore County Circuit Court on March 14, 2011, against the employees of the Pizza Hut.[1] In their complaint, the customers claimed that the employees negligently prepared and served them food, causing the customers to seek immediate medical treatment. In response, the employees filed their motion to dismiss, and the circuit court dismissed the case on May 22, 2012. The customers timely filed their appeal and ask this Court to determine whether the circuit court erred in dismissing their case on the ground that it was barred by the doctrines of res judicata, collateral estoppel, and stare decisis. We affirm the dismissal of the case.
FACTS AND PROCEDURAL HISTORY
¶ 2. On January 18, 2009, The customers ate at the Pizza Hut in Greenwood. Immediately, several of them complained of a variety of gastrointestinal problems, including nausea, vomiting, and diarrhea, and they sought treatment for these symptoms.
¶ 3. Initially, there were several lawsuits filed against NPC International Inc., which owns the Pizza Hut in Greenwood; A & D Management; and Shane Brown, Pizza Hut’s manager, on behalf of varying combinations of the Customers.[2] Howev *1268 er, the employees were not a party to any of these lawsuits. The initial food-poisoning lawsuits were removed to the United States District Court for the Northern District of Mississippi and were consolidated. NPC International filed its motion for summary judgment, and the district court granted the motion on February 24, 2011. The district court found that the customers failed to establish all of the elements of proximate cause, primarily “that [the customers were] unable to establish that they were served food that was unfit for human eonsumption[.]” Thus, they could not establish that a duty was breached. Further, the district court found that the customers could not establish “a causal link between the alleged illness and negligence on the part of Pizza Hut” because a review of their medical records revealed “no conclusive diagnosis of food poisoning.” The customers then appealed to the United States Court of Appeals for the Fifth Circuit, which affirmed the district court’s grant of summary judgment in favor of all defendants in February 2012.[3]
¶ 4. The customers filed the present complaint against the employees on March 14, 2011, in the circuit court. In their complaint, the customers claimed that the employees negligently prepared and served the food that caused them to become ill. As a result of the employees’ negligence, the customers “suffered injuries, including ... loss of income, bodily injuries, mental anguish[,] and emotional distress.” The employees filed their motion to dismiss on April 15, 2011. In their motion to dismiss, the employees argued that the customers’ case was barred by the doctrines of collateral estoppel and stare decisis. They filed an amended motion to dismiss on May 13, 2011, adding a claim of insufficiency of process regarding Dixon. A second amended motion to dismiss was filed on June 3, 2011. This motion to dismiss added that the case was barred by the doctrine of res judicata.
¶ 5. On May 22, 2012, the circuit court entered its order and opinion in the case. It noted that it had considered the motions, briefs, and arguments of counsel. Further, because it had considered matters outside of the pleadings, the circuit court noted the employees’ motion to dismiss would be treated as a motion for summary judgment. The circuit court ordered that the customers’ case be dismissed based on the doctrines of collateral estoppel, stare decisis, and res judicata. The customers filed their notice of appeal on June 5, 2012.
¶ 6. On appeal, they raise one issue with three sub-issues:
Whether the circuit court erred in granting [the employees’] motion to dismiss; [the employees’] amended motion to dismiss; and [the employees’] second amended motion to dismiss on the basis of res judicata, stare decisis, and collateral estoppel.
I. The issue of res judicata cannot be properly raised in this claim because [the] issue of the employees negligently handling the food has not been adjudicated.
II. The circuit court ... erroneously asserted the doctrine of stare decisis, as there are disputed issues of material facts.
III. The doctrine of collateral estop-pel cannot be employed to bar this claim because [the customers] have brought forth a claim that has not been formerly adjudicated.
*1269 STANDARD OF REVIEW
¶ 7. The employees filed motions to dismiss the case under Mississippi Rule of Civil Procedure 12(b)(6); however, the circuit court reviewed the motions under Mississippi Rule of Civil Procedure 56, as it considered matters outside of the pleadings.
Rule 12(b)(6) tests the legal sufficiency of a complaint, and provides that dismissal shall be granted to the moving party where the plaintiff has failed to state a claim upon which relief can be granted. In applying this rule a motion to dismiss should not be granted unless it appears beyond a reasonable doubt that the plaintiff will be unable to prove any set of facts in support of the claim. Motions to dismiss under Rule 12(b)(6) are considered on the face of the pleadings alone. Quite differently, Rule 56 tests the notion of well-pled facts and requires a party to present probative evidence demonstrating triable issues of fact. Accordingly, Rule 56(c) provides that summary judgment shall be rendered for the moving party if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
Moorman v. Crocker, 38 So.3d 662, 665 (¶ 9) (Miss.Ct.App.2010) (quoting Chalk v. Bertholf, 980 So.2d 290, 293 (¶ 4) (Miss.Ct.App.2007)). Both a motion to dismiss under Rule 12(b)(6) and under Rule 56 receive a de novo review because they raise questions of law. Moorman, 38 So.3d at 665 (¶ 9). The customers make no claim relating to the circuit court’s conversion of the Rule 12(b)(6) motion to a Rule 56 motion.
ANALYSIS
I. Res Judicata
¶ 8. “Res judicata is fundamental to the equitable and efficient operation of the judiciary and ‘reflects the refusal of the law to tolerate a multiplicity of litigation.’” Harrison v. Chandler-Sampson Ins. Inc., 891 So.2d 224, 232 (¶ 23) (Miss.2005) (citing Little v. V & G Welding Supply Inc., 704 So.2d 1336, 1337 (Miss.1997)). There are four identities that must be present for the bar of res judicata to apply: “(1) identity of the subject matter of the action; (2) identity of the cause of action; (3) identity of the parties to the cause of action; and (4) identity of the quality or character of a person against whom the claim is made.... [T]he absence of any one of the elements is fatal to the defense of res judicata.” Id. at (¶ 24) (citations omitted). Additionally, the prior judgment must be a final judgment adjudicated on the merits. Beene v. Ferguson Auto. Inc., 37 So.3d 695, 698 (¶ 7) (Miss.Ct.App.2010) (citing EMC Mortgage Corp. v. Carmichael, 17 So.3d 1087, 1090 (¶ 10) (Miss.2009)).
¶ 9. The customers argue that several of the identities of res judicata are not present; therefore, they claim it could not act as a bar to their lawsuit against the employees. In their federal complaint, the customers alleged that NPC International was liable under the doctrine of responde-at superior, and that it negligently failed to use reasonable care in preparing, maintaining, shipping, packaging, and storing the food. They also claimed that NPC International negligently hired and retained its employees and that the employees were negligently trained. The claims brought in the present suit against the employees are almost identical, with the addition of allegations that employees failed to keep the premises in a reasonably safe condition and that a specific employee *1270 negligently prepared food even though she was not trained to prepare food. However, those additional allegations fall under the claims of negligent food preparation and negligent training. In its opinion, the federal court stated that the customers presented no evidence that the food served was not fit for human consumption; thus, there was no proof of the negligent preparation, maintenance, shipping, packing, or storing of food. Additionally, the federal court specifically found that there was no negligent training, since there was no evidence presented that any specific training issues occurred that led to the alleged injuries or that Pizza Hut lacked a training program. Based on this, there is no doubt that the first two identities of res judicata are present, as the claims brought arise out of the same series of facts, and they are almost completely identical to the claims that were decided in the federal case.
¶ 10. The customers submit that they “have filed a new separate suit against the individual employees in their individual capacities.” Therefore, their main argument is that the third identity is not present because the employees were not the same parties in the federal suit nor are they in privity with the parties in the federal suit. To satisfy the third identity of res judicata, the parties in the two actions must be “substantially identical.” Carmichael, 17 So.3d at 1091 (¶ 13) (citing Hogan v. Buckingham ex rel. Buckingham, 730 So.2d 15, 18 (¶ 11) (Miss.1998)). The employees were not named in the federal suit; therefore, for res judicata to act as a bar, this Court must determine if they were in privity with the parties in the federal suit.
¶ 11. “Privity describes a relationship between one who is a party of record and a nonparty that is sufficiently close[,] so a judgment for or against the party should bind or protect the nonparty.” Little, 704 So.2d at 1341 (¶ 29) (citing Hart v. Yamaha-Parts Distributors Inc., 787 F.2d 1468, 1472 (11th Cir.1986)). In Black v. City of Tupelo, 853 So.2d 1221, 1225 (¶ 11) (Miss.2003), the Mississippi Supreme Court held that the individual police officers named in a second suit were in privity with the City of Tupelo, which was named as a defendant in the first and second suits. The police officers were not named defendants in the first suit.
[A] party who is vicariously responsible for the acts of another party is in privity with that party. Thus, [an] employer-employee ... relationship satisfies] privity when the action against the employer ... is based on vicarious liability or respondeat superior.... [A] judgment excusing the master or principal from respondeat superior liability on the ground the servant or agent was not at fault bars a subsequent suit against the servant or agent on the same claim.
21A Federal Procedure: Lawyers’ Edition § 51:241, at 562 (2008).
¶ 12. We find that the employees are in privity with NPC International. As was explained above, the customers asserted that NPC International was liable under the doctrine of respondeat superior; the federal court disagreed and found that it was not responsible. Therefore, a subsequent suit solely against the employees on the same claims must also be barred. The relationship between the employees and NPC International is sufficiently close that logic demands we find them in privity with one another and that the third identity of res judicata is satisfied. All identities are present; thus, the application of res judi-cata was appropriate.
. II. Remaining Issues
¶ 13. Because we find that res judicata bars the customers’ case, it is unnecessary *1271 to address the remaining issues of stare decisis and collateral estoppel.
¶ 14. THE JUDGMENT OF THE LE-FLORE COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL, FAIR AND JAMES, JJ„ CONCUR.

. While it is generally our practice to refer to parties by their proper names, due to the number of parties in the present case and to prevent confusion in the opinion, we will refer to the appellants collectively as "the customers." The individual appellants are: Monique Doss; Nadia Harris; Shavonda Gibbs; Rochell Childs; Darren Childs; Ladarius Johnson; Tamara Green; Darius West; Roger Hawkins; Takeera Johnson; Levan Harris; Joseph Doss; Tyneeta Doss; Justin Childs, a minor by and through Brenda Childs, as next-friend and natural guardian; Nancy Pointer; Mishay Hampton; Tarmeisha Hampton; and Kimeyatter Pointer, a minor by and through Nancy Pointer, as next-friend and natural guardian. The appellees are Jessica Dixon, Marquitta Hawkins, and Christine Whitehall, and they will be referred to collectively throughout as "the employees." When referring to a party in his or her individual capacity, we will use his or her proper name.

. The defendants in those lawsuits will be collectively referred to as NPC International.

. Doss v. NPC Int’l Inc., 460 F. App’x 362 (5th Cir.2012).