## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

### NO. 2018-CA-00407-COA

**JERRY KYLE SMITH AND DEBBIE SMITH**                    **APPELLANTS**

**v.**

**PATRICK J. SIMS**                                                              **APPELLEE**

DATE OF JUDGMENT:                 02/21/2018
TRIAL JUDGE:                            HON. H. DAVID CLARK II
COURT FROM WHICH APPEALED:    JASPER COUNTY CHANCERY COURT,
                                            SECOND JUDICIAL DISTRICT
ATTORNEY FOR APPELLANTS:       ROBERT WENDELL JAMES
ATTORNEY FOR APPELLEE:         RANCE N. ULMER
NATURE OF THE CASE:             CIVIL - REAL PROPERTY
DISPOSITION:                    AFFIRMED - 05/28/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE CARLTON, P.J., TINDELL AND McDONALD, JJ.

### CARLTON, P.J., FOR THE COURT:

¶1.     This case concerns a strip of land in Jasper County, Mississippi, located between property owned by the appellants, Jerry and Debbie Smith, to the south, and the appellee, Patrick Sims, to the north, referred to by the parties as "Old Pickens Road."[1]  In June 2016, the Smiths sued Sims and the Jasper County Board of Supervisors, seeking to quiet title in them to Old Pickens Road (*Smith I*).  The Jasper County Chancery Court held that Old Pickens Road was a public road and that it had not been abandoned by Jasper County.  The

---

[1] The Smiths also refer to the disputed property as the "Subject Lands" in their appellants' brief, but they state on page one of their brief that the "Subject Lands" are the same as Old Pickens Road.

Smiths did not appeal the *Smith I* final judgment.

¶2. In October 2017, the Smiths sued Sims again, seeking to quiet title to Old Pickens Road based upon a June 2017 quitclaim deed to them from the purported owner of the property (Joseph Waites) (*Smith II*). In the alternative, the Smiths claimed rights to the property under the doctrine of adverse possession.

¶3. The chancery court granted Sims's Rule 12(b)(6) motion to dismiss in *Smith II*, finding that (1) the Smiths' adverse possession claim was barred by the doctrine of collateral estoppel, among other equitable theories; (2) the Smiths' quiet title claim was barred by the doctrines of res judicata and judicial estoppel; and (3) the Smiths were entitled to no relief under any set of facts that could be proven in support of their claims. The Smiths appealed, asserting that (1) the chancery court erred in determining that they did not prove the elements of adverse possession so as to quiet title in them to the subject property; and (2) the chancery court erred when it did not confirm ownership of the subject property to the Smiths through Joseph Waites's quitclaim deed.

## FACTS AND PROCEDURAL HISTORY

¶4. On June 21, 2016, the Smiths filed a complaint for a declaratory judgment and for adverse possession in the Second Judicial District of the Jasper County Chancery Court (cause number 2016-2097) pertaining to a seventeen-foot strip of Old Pickens Road (*Smith I*). The Smiths named Patrick Sims[2] and the Jasper County Board of Supervisors as

---

[2] The Smiths also named as defendants Patrick Sims's sisters, Michele Sims and Bridget Redditt. Prior to trial, Patrick Sims bought his sisters' interests, and the only parties remaining at trial were Patrick Sims and the Jasper County Board of Supervisors.

defendants and requested, in relevant part, that the court (1) declare that Old Pickens Road is not a public road; and (2) find that the Smiths "have full and complete title to the seventeen-foot strip between their property and [Sims's] by adverse possession." In their June 2016 complaint the Smiths aver that they acquired their property through an August 24, 2010 warranty deed obtained from Ernest and Maxine Yawn. That deed was attached as exhibit "A" to the Smiths' complaint and provided that the Smiths' property line ran along Old Pickens Road. The Smiths further aver that Sims obtained title to his property through a warranty deed dated January 7, 1957, which was attached as exhibit "D" to the Smiths' complaint. Sims's property also abuts Old Pickens Road, as provided in that warranty deed.

¶5.     A two-day trial was held in *Smith I*.[3]  In its final judgment, the chancery court dismissed the Smiths' adverse possession claim without prejudice, finding that no party could show who was the record titleholder to Old Pickens Road. The chancery court's final judgment then provided "that the parties and the court proceeded with a trial on [Sims's] allegation . . . that Old Pickens Road is a public road." *Id.*  On this issue, the court found that the evidence and testimony presented at trial established that Old Pickens Road was a public road and that the Jasper County Board of Supervisors (sometimes referred to as the Board) had not abandoned Old Pickens Road.

¶6.     In its final judgment, the court described in detail the evidence and testimony supporting these findings, including, but not limited to, (1) minutes from the Jasper County Board of Supervisors, establishing that the county had worked on and spent county funds on

---

[3] The chancery court's final judgment provides that a two-day trial took place on January 19 and 20, 2017. There is no transcript of this trial in the record.

Old Pickens Road from April 1907 at least through June 1921 and photos showing that the road continues to be maintained; and (2) testimony from a number of witnesses that Old Pickens Road had been "used by the public for farming, logging, hauling hay, and general travel" since the 1940s and had been used by at least some witnesses up until the time the Smiths blocked access in 2016. The court's final judgment was entered on January 27, 2017. No post-trial motions were filed, and no one appealed.

¶7.　　In March 2017 the Smiths petitioned the Jasper County Board of Supervisors to abandon the subject seventeen-foot portion of Old Pickens Road pursuant to Mississippi Code Annotated section 65-7-121 (Rev. 2012).[4] By an order dated March 14, 2017, the Jasper County Board of Supervisors voted unanimously to abandon the subject portion of Old Pickens Road "[from where] it travels adjacent to the lands of the Atha Sims Estate [now owned by Patrick Sims], [the] Kyle and Debbie Smith property, and [the] Ethel Jones property." The Board found that Old Pickens Road had "not [been] officially closed" and that "the public interest or convenience does not require that the Old Pickens Public Road remain open to the public and that it is in the public interest and convenience to vacate and abandon said Road for the cost to keep and maintain said road far outweighs the benefit of the public interest."

¶8.　　On October 12, 2017, the Smiths filed a complaint against Sims in the Second Judicial District of the Jasper County Chancery Court to quiet title and for adverse possession, cause

---

[4] The petition in the record does not have the Smiths' signatures as petitioners. The Smiths, however, do not dispute that they petitioned the Jasper County Board of Supervisors to abandon the subject seventeen-foot portion of Old Pickens Road, and the survey attached to that petition indicates that the survey was prepared for Debbie Smith.

4

number 2017-2098 (*Smith II*). The Smiths alleged that they were the owners of the subject portion of Old Pickens Road "by virtue of a [q]uitclaim [d]eed executed by Joseph G. Waites, dated June 7, 2017, filed for record July 6, 2017" (the Waites quitclaim deed). The Waites quitclaim deed was attached to the complaint as exhibit "A." The Smiths requested that the court enter an order confirming and quieting title to the subject property in them. Alternatively, the Smiths requested that the court find that the subject property was vested in them by adverse possession.

¶9. On January 2, 2018, Sims filed a motion to dismiss the Smiths' complaint pursuant to Rule 12(b)(6) of the Mississippi Rules of Civil Procedure. Sims raised the affirmative defenses of res judicata, election of remedies, equitable estoppel, and judicial estoppel. Sims also filed his answer to the Smiths' complaint, raising the same affirmative defenses.

¶10. Sims's 12(b)(6) motion to dismiss was heard on January 8, 2018.[5] The parties stipulated to seven "exhibits to the plaintiff[s'] [c]omplaint for all purposes," as follows:

Exhibit 1:     *Smith I* Final Judgment (January 27, 2017);

Exhibit 2:     Jasper County Board of Supervisors Order Abandoning Old Pickens Road (March 14, 2017);

Exhibit 3:     *Smith I* Complaint (June 21, 2016);

Exhibit 4:     *Smith II* Complaint (October 12, 2017);

Exhibit 5:     The Smiths' Petition to Abandon Old Pickens Road (March 14, 2017);

Exhibit 6:     Survey prepared for Debbie Smith (April 5, 2017);

---

[5] The final judgment provides that a hearing was held on January 8, however the record does not contain the transcript from this hearing.

Exhibit 7:     July 6, 2017 quitclaim deed from Joseph Waites to the Smiths

¶11.    In its final judgment entered February 21, 2018, the chancery court granted Sims's Rule 12(b)(6) motion to dismiss based upon the Smiths' complaint, the seven exhibits that the parties stipulated as being attached to the Smiths' complaint "for all purposes," Sims's answer, and Sims's motion to dismiss.  The chancery court found that it had determined in *Smith I* that Old Pickens Road was a public road and no appeal was taken on that final judgment, entered January 27, 2017.  The court further found that on March 14, 2017, the Smiths had petitioned the Jasper County Board of Supervisors to abandon the subject portion of Old Pickens Road as a public road and that the Board had entered an order abandoning that property on the same date.  The court determined that the Smiths were barred by the doctrine of collateral estoppel, among other equitable theories, from claiming the subject property through adverse possession; the Smiths' quiet title claim was barred by the doctrines of res judicata and judicial estoppel; and there was no set of facts under which the Smiths were entitled to relief on their claims.  The court ordered that Smiths' and Sims's property lines be drawn to the center of Old Pickens Road, as evidenced by the *Smith I* final judgment and exhibit 4 to that judgment.  The record reflects that the chancery court allowed the Smiths the opportunity to amend their complaint pursuant to Mississippi Rule of Civil Procedure 15, but the Smiths declined to do so.  The Smiths appealed.

## STANDARD OF REVIEW

¶12.    We review a chancellor's determination on questions of law de novo.  *Jackson v. Mills*, 197 So. 3d 430, 437 (¶30) (Miss. Ct. App. 2016).  In particular, we apply a de novo

6

review to the grant or denial of a Rule 12(b)(6) motion. *Walton v. Walton*, 52 So. 3d 468, 470 (¶8) (Miss. Ct. App. 2011). "Rule 12(b)(6) tests the legal sufficiency of a complaint, and provides that dismissal shall be granted to the moving party where the plaintiff has failed to state a claim upon which relief can be granted." *Doss v. Dixon*, 131 So. 3d 1265, 1269 (¶7) (Miss. Ct. App. 2014). We have consistently recognized that "[i]n applying this rule a motion to dismiss should not be granted unless it appears beyond a reasonable doubt that the plaintiff will be unable to prove any set of facts in support of the claim. Motions to dismiss under Rule 12(b)(6) are considered on the face of the pleadings alone." *Id.*

**LAW AND ANALYSIS**

### I. Adverse Possession

¶13.   The Smiths' first assertion with respect to their adverse possession claim is that the chancery court made a procedural error in ruling on Sims's 12(b)(6) motion because "the [c]hancellor did not call for any oral argument or other proof except the previously-filed stipulation of exhibits." As an initial matter, we find that the final judgment contained in the record provides that the chancellor did, in fact, hold a hearing on Sims's Rule 12(b)(6) motion. The record, however, does not contain the hearing transcript, nor does it contain any indication of what additional evidence the Smiths sought to submit, and the record does not reveal in what way the chancellor prevented them from asserting their position. The Smiths have failed to ensure that the record contains support for their contention or that they made any objection to the way in which the chancellor conducted the hearing. We therefore find no merit in this assignment of error because it was waived. *See Wal-Mart Stores Inc. v.*

7

*Frierson*, 818 So. 2d 1135, 1141 (¶10) (Miss. 2002) ("It is axiomatic that a litigant is required to make a timely objection. . . . We have repeatedly held that if no contemporaneous objection is made, the error, if any, is waived.") (citations and internal quotation marks omitted); *see also Magee v. Covington Cty. Sch. Dist.*, 96 So. 3d 742, 755 (¶34) (Miss. Ct. App. 2012) ("It is well-settled law that it is the responsibility of the appellant to present a record sufficient to support his assignments of error.").

¶14.     Additionally, we find no merit in this assertion because the chancellor was ruling on a Rule 12(b)(6) motion and was thus bound to make his decision on the pleadings. *Doss*, 131 So. 3d at 1269 (¶7). In this case the pleadings included the complaint and the seven exhibits jointly submitted by the parties through a stipulation providing that these exhibits "are exhibits to the plaintiffs' Complaint for all purposes,"[6] as well as Sims's answer and motion to dismiss. We find that the chancellor properly limited his consideration to these items in ruling on Sims's Rule 12(b)(6) motion to dismiss.

¶15.     Regarding the merits of the Smiths' adverse possession claim, Mississippi Code Annotated section 15-1-13(1) (Rev. 2012) provides that "[t]en [uninterrupted] . . . years' actual adverse possession by any person claiming to be the owner for that time of any land . . . shall vest in every actual occupant or possessor of such land a full and complete title. . . ." As the claimants, the Smiths must prove actual possession and each of the following six

---

[6] *See Krebs v. Bradley*, 190 So. 2d 886, 889 (Miss. 1966) (Where parties stipulated that documents "having any bearing on the issues raised by the complaint be made a part of the record" (though the documents were not attached to the complaint at the time of filing), the supreme court held that on demurrer, "the court must consider not only the facts alleged in the complaint, but must consider also the facts revealed by the exhibits to the complaint.").

elements by clear and convincing evidence:

    1) Under claim of ownership;

    2) Actual or hostile;

    3) Open, notorious, and visible;

    4) Continuous and uninterrupted for a period of ten years;

    5) Exclusive; and

    6) Peaceful.

*Blankinship v. Payton*, 605 So. 2d 817, 819 (Miss. 1992).

¶16.    We find no merit in the Smiths' assertion that they gained the subject property by adverse possession. They base their argument upon the premise that the Jasper County Board of Supervisors abandoned Old Pickens Road and that Old Pickens Road had "largely stopped" being used as a public road "since the year 2000." Since that time, the Smiths assert, "[they], and their predecessors in title, Earnest and Maxine Yawn, put the public, including Sims, on notice that [the subject property was being held] under an adverse claim of ownership."

¶17.    The Smiths' adverse possession claim fails because we find that there is no basis for their assertion that Old Pickens Road had been abandoned by the Jasper County Board of Supervisors since the year 2000. This issue—whether Old Pickens Road was a public road and whether Jasper had abandoned it—was already addressed by the chancery court in *Smith I.* For the reasons addressed below, we affirm the chancery court's decision that the Smiths were collaterally estopped from relitigating this issue in *Smith II.*

9

¶18. The issue of collateral estoppel is reviewed de novo. *Baker & McKenzie LLP v. Evans*, 123 So. 3d 387, 401 (¶49) (Miss. 2013). "The doctrine of collateral estoppel—often considered a cousin of res judicata—serves a dual purpose and protects litigants from the burden of re-litigating an identical issue with the same party or his privy and promotes judicial economy by preventing needless litigation." *Gibson v. Williams, Williams & Montgomery P.A.*, 186 So. 3d 836, 845 (¶21) (Miss. 2016). "Collateral estoppel precludes relitigating a specific issue which was: (1) actually litigated in the former action; (2) determined by the former action; and (3) essential to the judgment in the former action." *Id.*

¶19. The three factors required for collateral estoppel to apply are met here. In *Smith I* the Smiths sought a declaratory judgment that "Old Pickens Road is not a public road." The *Smith I* judgment reflects that the chancery court found that the evidence and testimony presented at that trial established that Old Pickens Road was a public road and that the Jasper County Board of Supervisors had not abandoned Old Pickens Road. The same parties were involved in both cases, the Smiths and Sims, and the same issue the Smiths try to raise here, i.e., whether Old Pickens Road was a public road and abandoned by the Jasper County Board of Supervisors, was "actually litigated" and "determined" in *Smith I*. Lastly, the court's decision on this issue was "essential" to its denial of the Smiths' request for declaratory judgment on that issue in *Smith I*.

¶20. The judgment in *Smith I* was entered on January 27, 2017. The Smiths did not file any post-trial motions in that case, and they did not appeal that judgment. The *Smith I* judgment became a final judgment thirty days later on February 27, 2017. M.R.C.P. 4(a) (providing

10

that an appeal is perfected by filing a notice of appeal "with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from"). As of February 27, 2017, the Smiths were bound by the chancery court's determination that Old Pickens Road was a public road and that the Jasper County Board of Supervisors had not abandoned it.

¶21. Approximately a month later, the Smiths petitioned the Jasper County Board of Supervisors to abandon the subject seventeen-foot portion of Old Pickens Road pursuant to section 65-7-121, and the Board did so on March 14, 2017. Jasper County possessed Old Pickens Road up until March 14, 2017, when they abandoned it. Indeed, by petitioning the Board to abandon Old Pickens Road, the Smiths necessarily acknowledged that the Board possessed it in accordance with the final judgment in *Smith I*.

¶22. Accordingly, we find that the Smiths' adverse possession claim is without merit. Adverse possession cannot run against the state or its subdivisions, such as Jasper County. Miss. Const. art. 4, §104 ("Statutes of limitation in civil causes shall not run against the State, or any subdivision or municipal corporation thereof."). As the Mississippi Supreme Court held in *Cinque Bambini Partnership v. State*, "[t]he State's title may not be lost via adverse possession, limitations or laches. . . . Under no circumstances may title held by the State for the public use or benefit be so lost." *Cinque Bambini P'ship v. State*, 491 So. 2d 508, 521 (Miss. 1986), *aff'd sub nom. Phillips Petroleum Co. v. Mississippi*, 484 U.S. 469, 484 (1988). Section 15-1-13(1) requires that there be "[t]en [uninterrupted] . . . years' actual adverse possession," in order to establish such a claim. There are no set of circumstances that could support the Smiths' adverse possession claim in this case because any adverse possession of

Old Pickens Road would not mature until 2027. We therefore affirm the chancery court's granting Sims's 12(b)(6) motion to dismiss on this issue. *Doss*, 131 So. 3d at 1269 (¶7).

## II. Ownership Through the Waites Quitclaim Deed

¶23. The Smiths also assert that the chancery court erred when it did not confirm ownership of the subject property in them through the Waites quitclaim deed. Specifically, the Smiths assert that after the Jasper County Board of Supervisors abandoned Old Pickens Road on March 14, 2017, "the previous 'boundary line' of the Old Pickens Road between [the Smiths' property and Sims's property] had an open gap due to the present ownership situation." According to the Smiths, after the Board's abandonment of the property, the status of "the Subject Lands [i.e., Old Pickens Road] . . . was [that the property was] not being claimed by any person(s) and/or other entities clearly of record." The Smiths further assert that they "cured" this gap by obtaining a quitclaim deed from Joseph Waites that purportedly covered this gap and vested title in them. The Smiths, therefore, claim that the chancery court erred by ordering that Smiths' and Sims's property lines be drawn to the center of Old Pickens Road, as determined under the final judgment entered in *Smith I*.

¶24. Based upon our review of the record and Mississippi law, we find that the Smiths' assertions are without merit. We therefore affirm the chancery court's decision to grant Sims's Rule 12(b)(6) motion based upon its determination that the Smiths were entitled to no relief under any set of facts that could be proven in support of their quiet title claim. There is no support under Mississippi law for the Smiths' assertion that a "gap" in ownership was created when the Jasper County Board of Supervisors abandoned Old Pickens Road, and

12

that this "gap" was cured by Joseph Waites's quitclaim deed to them.

¶25. As we addressed above, the chancery court determined in *Smith I* that Old Pickens Road was a public road, and we affirm the court's determination that the Smiths were collaterally estopped from relitigating this issue in *Smith II*. Under Mississippi law, when a public road is abandoned, title reverts to the adjacent landowners to the center line of the abandoned road. *R & S Dev. Inc. v. Wilson*, 534 So. 2d 1008, 1011 (Miss. 1988); *Moore v. Kuljis*, 207 So. 2d 604, 611 (Miss. 1967). This is what occurred when the Board abandoned Old Pickens Road by its order dated March 14, 2017. We agree with the chancery court's analysis in *Smith II* based upon these authorities, as follows:

> When [Old Pickens Road] was abandoned by the [Jasper County Board of Supervisors] on March 14, 2017, the adjacent landowners' boundaries extended to the center of the abandoned road. Here, the adjacent landowners to [Old Pickens Road] are the Smiths and Sims. Therefore, the Smith and Sims property lines . . . extend to the center of [Old Pickens Road] as referenced and shown in the Final Judgment in *Smith I*. This court finds to a certainty that the plaintiffs are entitled to no relief under any set of facts that could be proven in support of their [quiet title] claim.

Finding no error in the chancery court's determination on this issue, we affirm.

¶26. **AFFIRMED.**

**BARNES, C.J., J. WILSON, P.J., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**

13