**In re Evon Hicks APPLEWHITE.**

**Bankruptcy No. 8908359HEG.**

United States Bankruptcy Court,
S.D. Mississippi, S.D.

Oct. 26, 1989.

W. Stewart Robison, McComb, Miss., for plaintiff.

John Anderson, Hattiesburg, Miss., for defendant.

## OPINION

EDWARD R. GAINES, Bankruptcy Judge.

This matter is before the Court on the Motion to Lift Automatic Stay filed by Mid–State Trust II. The issue to be decided is whether Section 544(a)(3) of the Bank-

ruptcy Code enables the debtor to avoid a pre-petition foreclosure sale of her property because the Substituted Trustee's Deed had not been recorded prior to the debtor's filing her Chapter 13 petition. Another issue raised by the debtor is whether proper notice of the foreclosure was given by Mid State–Trust II. Having considered these matters and the memoranda submitted by counsel for both parties, the Court is of the opinion that Section 544(a)(3) of the Bankruptcy Code does *not* allow the debtor to avoid the foreclosure sale of her property by Mid–State Trust II. The Court is further of the opinion that the notice of the sale given by Mid–State Trust II complied fully with the notice required by the Deed of Trust and the laws of the State of Mississippi.

## FACTS

This case involves a non-judicial foreclosure pursuant to Section 89–1–55 of the Mississippi Code Annotated (1972). The statute requires that the foreclosure sale be advertised for three consecutive weeks preceding such sale in a newspaper published in the county where the land is situated and by posting one notice at the courthouse of the county where the land is situated. The Substituted Trustee for Mid–State Trust II advertised the property as required by Mississippi law and complied fully with the law and the terms of the Deed of Trust. In addition to the foregoing, the Substituted Trustee, without being required so to do, notified the debtor by mailing written notice of the foreclosure sale to her attorney in accordance with his request after two prior foreclosure proceedings had been terminated before conclusion.

On June 15, 1989, W. Stewart Robison, Substituted Trustee for Mid–State Trust II, conducted a valid foreclosure of the debtor's property. He executed and delivered his Substituted Trustee's Deed to Mid–State Trust II, the mortgagee and successful bidder at the sale. Four days later, at a time when the Substituted Trustee's Deed had not been recorded, the debtor, Evon Hicks Applewhite, filed her Chapter 13 petition. The debtor listed Mid–State Trust II as a secured creditor and claimed the foreclosed property as part of her bankruptcy estate. On June 21, 1989, Mid–State Trust II filed its motion to lift the automatic stay. The debtor responded with two affirmative defenses. The first affirmative defense seeks to utilize the avoidance powers granted to bankruptcy trustees by Section 544(a)(3). The debtor argues that the failure to record the Substituted Trustee's Deed prior to the debtors filing her petition enables the debtor to avoid the foreclosure sale by virtue of Section 544(a)(3). The second affirmative defense is that Mid–State Trust II "failed to forward any notice whatsoever" to the debtor prior to foreclosure.

## LAW

Mississippi law does not provide a right of redemption after foreclosure. The debtor does have some rights prior to the foreclosure sale as set forth in Section 89–1–59 of the Mississippi Code of 1972, as Amended. Those rights terminate when the sale is made. At the moment a foreclosure sale concludes, the debtor is fully divested of all legal and equitable interest in the foreclosed property.

The Fifth Circuit Court of Appeals recently ruled that bankruptcy law does not create property, and the nature of the Debtor's interest in property which accrues to the estate is based on non-bankruptcy law. *Pinetree, Ltd. v. Mutual Benefit Life Insurance Co.*, 876 F.2d 34 (5th Cir. 1989). The non-bankruptcy law applicable to this case is Mississippi law.

Since the debtor, Evon Hicks Applewhite, was divested of all legal and equitable title in and to the foreclosed property at the conclusion of the foreclosure sale, she had no title at the time she filed her Chapter 13 petition. Therefore, Section 544(a)(3) cannot be utilized.

Based on the foregoing, it does not matter whether or not the Substituted Trustee's Deed was actually delivered to the successful bidder at the foreclosure sale. Since the debtor was divested of her legal and equitable interest in the property at

the conclusion of the sale, the property does not become part of the debtor's estate pursuant to 11 U.S.C. Section 541(a)(1), and Section 544(a)(3) cannot create such a property interest.

Because a mortgagor-debtor is divested of all legal and equitable title to real property at the conclusion of a foreclosure sale, the automatic stay resulting from a subsequent bankruptcy filing does not apply to the successful bidder whether or not the Trustee's Deed has been *delivered or recorded.*

■ The Court has been unable to find any precedent for this decision in the Bankruptcy Courts in Mississippi. For this reason Mid–State Trust II was prudent in filing this Motion to Lift Stay. While future successful foreclosure sale bidders may wish to continue the practice, this Court is of the opinion that the automatic stay is inapplicable to them and therefore does not need to be lifted.

## CONCLUSION

For the reasons hereinabove set forth the Motion to Lift Automatic Stay filed by Mid–State Trust II will be granted by separate order.