JAMES, J.,
for the Court:
¶ 1. Kristina Fason appeals the Webster County Circuit Court’s grant of summary judgment in favor of Trussell Enterprises Inc. and Hugh Trussell[1] under the doctrine of res judicata. She asserts several *456 issues on appeal, some of which we consolidate and rephrase for clarity: (1) whether Fason’s claims for malicious prosecution, false imprisonment, and abuse of process were compulsory counterclaims in a prior collection suit; (2) whether Fason’s claims were properly barred under the doctrine of res judicata; (3) whether Fason’s claims were barred under the doctrine of collateral estoppel; and (4) whether the circuit court erred in granting summary judgment in favor of Trussell. Because we find the res judicata issue dispositive, we decline to address Fason’s third point of error. We further find that issues one and four depend in part on the outcome of the res judicata issue. Upon review, we find that summary judgment was properly granted in favor of Trussell under the doctrine of res judicata. Therefore, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. Fason operated a business known as the Hendrix Corner Store. On October 11, 2008, she entered into a contract with Trussell Enterprises concerning the placement and operation of an automatic teller machine (ATM) inside the Hendrix Corner Store. The contract was executed by Fa-son and Hugh Trussell, the agent, president, and sole shareholder of Trussell Enterprises. Under the contract, Fason would put her own funds in the ATM for distribution. When a customer withdrew funds from the ATM, Trussell Enterprises would withdraw funds from the customer’s bank account for the amount withdrawn, plus a fee. Under the contract, Fason was entitled to a portion of the fee. Fason provided Trussell Enterprises with her CB & S Bank account number, and Trussell Enterprises automatically placed her portion of the fee into this account.
¶ 3. On September 1, 2010, Trussell Enterprises removed the ATM from the Hendrix Corner Store.[2] However, Trussell Enterprises failed to remove the mechanism that automatically deposited funds into Fason’s account. Therefore, the ATM continued to deposit funds into Fason’s account until the error was discovered on March 24, 2011. As of March 24, 2011, $18,520 had been wrongfully placed into Fason’s account. Trussell Enterprises demanded that Fason return these funds, but Fason would not, or could not, comply.
¶ 4. On March 28, 2011, Hugh Trussell executed a criminal affidavit, which was submitted to the Webster County Justice Court. As a result, Fason was charged with grand larceny, and she was subsequently arrested and incarcerated until bonded out. On May 6, 2011, the criminal charges were dismissed by the justice court.
¶ 5. On April 8, 2011, Trussell Enterprises filed a collection suit against Fason in the Webster County Circuit Court, seeking recovery of the $18,520. On April 8, 2011, Fason was served with process, but she failed to timely answer or otherwise defend. Therefore, on May 12, 2011, Trus-sell filed an application for entry of default and a default judgment. On May 13, 2011,[3] a default judgment was entered against Fason in the amount of $18,520, plus attorney’s fees of $2,255, for a total amount of $20,775, with interest and court costs. Subsequent to the default judgment, Fason filed an answer on May 16, 2011. Fason never attempted to set aside the default judgment.
*457 ¶ 6. On February 28, 2012, Fason filed her own lawsuit against Trussell Enterprises and Hugh Trussell for malicious prosecution, false imprisonment, and abuse of process for filing a criminal action to collect a civil debt. On April 28, 2012, Trussell filed an answer and affirmative defenses. On April 28, 2012, Trussell filed a motion for summary judgment, arguing that Fason’s claims were compulsory counterclaims that should have been filed in the collection suit, and that the claims were barred by res judicata and/or collateral estoppel. On May 2, 2012, Fason filed a response opposing summary judgment. On May 3, 2012, a notice of hearing was entered, setting the hearing on the motion for summary judgment for May 21, 2012.
¶ 7. On August 6, 2012, the circuit court entered an order granting summary judgment in favor of Trussell as follows:
Trussell’s position is that Fason’s claim is a compulsory counterclaim and is barred by the doctrine of res judicata. The test was set forth in Scruggs, Millette, Bozeman, & Dent, P.A. v. Merkel & Cocke, P.A., 804 So.2d 1000[, 1004 (¶ 5) (Miss.2001) ]. The test is (1) whether the same evidence or witnesses are relevant to both claims; (2) whether the issues of law and fact in the counterclaim are largely the same as those in the plaintiffs claim; (3) whether, if the counterclaim were asserted in a later lawsuit, it would be barred by res judi-cata; and (4) whether or not both claims are based on a “common nucleus of operative fact.” The Court then set forth the procedure for applying the test.
In applying the four-prong test stated in Fulgham, the logical[-]relationship test is
used to determine whether a claim and counterclaim arise from the same transaction or occurrence such that a counterclaim is compulsory; it exists when the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant.
Clearly this test is met. While Fason alleges that she could not have filed a claim for malicious mischief in Trussell’s collection suit since her claim had not matured, this allegation is not supported by the facts. Fason was served with process in the Trussell suit on April 8, 2011, the criminal charges against her were dismissed ... on May 6, 2011, and the default judgment was entered on May 13, 2011. Therefore, her malicious[-]prosecution claim, if any, matured before an answer was due and before a default judgment was entered. As noted above[,] no action was taken to set aside the default judgment.
Trussell maintains that since Fason’s claim was a compulsory counterclaim!,] it is barred by res judicata. Res judica-ta consists of four elements: Identity of the subject matter of the action; [¡Identity of the cause of action; [¡Identity of the parties to the cause of action; [and][i]dentity of the quality or character of a person against whom the claim is made. These issues were addressed in Hill v. Carroll County, 17 So.3d 1081 ([Miss.] 2009). The subject matter of each cause of action presented is the same. Fason owed Trussell money. The dispute is over how he proceeded to collect it. The transactional relationship is also identical!,] and therefore, there is identity of the cause of action. There is identity of the parties to the cause of action since the pleadings of both parties acknowledge that Hugh Trussell is in privity with Trussell Enterprises. Fa-son argues otherwise but in fact sued Trussell and Trussell Enterprises ..., *458 [and that] suit could not proceed against both without privity. The character and identity of the parties is the same in both suits[,] and therefore, the identity of the quality or character of a person against whom the claim is made is satisfied.
The [cjourt finds as a matter of law that Fason’s claim was a compulsory counterclaim that she was required to file in Webster County Cause No.2011-29-CVL[,] and that having failed to do so[,] the present suit is barred by res judicata. Therefore, [Trussell’s] [m]otion for [sjummary judgment is granted.
¶ 8. On August 28, 2012, Fason appealed the circuit court’s grant of summary judgment in favor of Trussell.
DISCUSSION
¶ 9. This Court “applies a de novo standard of review to the grant or denial of summary judgment by a trial court.” Hill v. Carroll Cnty., 17 So.3d 1081, 1084 (¶ 7) (Miss.2009). Rule 56(c) of the Mississippi Rules of Civil Procedure states that summary judgment is proper “if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.”
I. Whether Fason’s claims for malicious prosecution, false imprisonment, and abuse of process were compulsory counterclaims in the prior collection suit.
¶ 10. We begin by noting that whenever “a party does not file a compulsory counterclaim, the right to raise that claim in subsequent litigation is thereby waived.” Scruggs, 804 So.2d at 1003 (¶ 3). Rule 13(a) of the Mississippi Rules of Civil Procedure governs compulsory counterclaims:
Compulsory Counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party if it arises out of the transaction or occurrence that is the subject matter of the opposing party’s claim and does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction. But the pleader need not state the claim if:
(1) at the time the action was commenced the claim was the subject of another pending action; or
(2) the opposing party brought suit upon his claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this Rule 13; or
(3) the opposing party’s claim is one which an insurer is defending.
In the event an otherwise compulsory counterclaim is not asserted in reliance upon an exception stated in paragraph (a), relitigation of the claim may nevertheless be barred by the doctrines of res judicata or collateral estoppel by judgment in the event certain issues are determined adversely to the party electing not to assert the claim.
“A logical relation must exist between the claim and the counterclaim for the counterclaim to be a compulsory counterclaim.” Scruggs, 804 So.2d at 1004 (¶ 4). To determine whether the case in question arose from the same transaction or occurrence as the initial case under Rule 13(a), we consider the following factors:
(1) Whether the same evidence or witnesses are relevant to both claims;
*459 (2) Whether the issues of law and fact in the counterclaim are largely the same as those in the plaintiffs claim;
(3) Whether, if the counterclaim were asserted in the later lawsuit, it would be barred by res judicata; [and]
(4) Whether ... both claims are based on a “common nucleus of operative fact[.]”
Scruggs, 804 So.2d at 1004 (¶ 5).
¶ 11. In the case before us, Trussell argues that Fason’s claims were compulsory counterclaims and are therefore barred by res judicata. Because resolution of this issue depends in part upon whether the elements of res judicata were met, and because we find that the second issue raised is dispositive of this appeal, we turn to the second issue.
II. Whether Fason’s claims were properly barred under the doctrine of res judicata.
¶ 12. “The doctrine of res judi-cata bars parties from litigating claims ‘within the scope of the judgment’ in a prior action.” Hill, 17 So.3d at 1084 (¶ 8). “This includes claims that were made or should have been made in the prior suit.” Id. The doctrine of res judicata has two functions: “Under the principle known as ‘bar,’ res judicata precludes claims which were actually litigated in a previous action. Under the principle known as ‘merger,’ res judicata prevents subsequent litigation of any claim that should have been litigated in a previous action.” Id. at 1084-85 (¶ 9) (internal citations omitted).
¶ 13. Under Mississippi law, the following four factors must be present before res judicata applies: “(1) identity of the subject matter of the action; (2) identity of the cause of action; (3) identity of the parties to the cause of action; and (4) identify of the quality or character of a person against whom the claim is made.” Id. at 1085 (¶ 10). Additionally, “the absence of any one of the elements is fatal to the defense of res judicata.” Id. However, “once the four identities of res judicata have been established, any claims that could have been brought in the prior action are barred.” Id. We consider each factor below.
A. Identity of the subject matter of the action.
¶ 14. Under the first factor, our supreme court has noted the following:
The doctrine of res judicata bars a second action between the same parties on the subject matter directly involved in the prior action. In older cases, this Court has referred to subject[-]matter identity as identify in the thing sued for. More recently, the Court defined subject matter as the substance of the lawsuit.
Id. at (¶ 12) (internal citations and quotation marks omitted).
¶ 15. In the case before us, the circuit court found that the subject matter in the collection suit and the subject matter in Fason’s suit for malicious prosecution, false imprisonment, and abuse of process were the same. Specifically, the circuit court found that “Fason owed Trussell money,” and the “dispute [was] over how he proceeded to collect it.” We agree with the circuit court’s conclusion.
B. Identity of the cause of action.
¶ 16. Under this factor, the cause of action in each suit must be the same. Our supreme court has “defined ‘cause of action’ as the underlying facts and circumstances upon which a claim has been brought.” Id. at (¶ 13). This requires us to look “past the legal bases asserted and [rely] more on the factual and transactional relationship between the original action and the subsequent action.” Id. at 1086 (¶ 15). Our supreme court has utilized the *460 transactional approach, which has been described by the United States Supreme Court as follows:
[ Clauses of action are the same if they arise from the same “transaction”; whether they are products of the same “transaction” is to be determined by “giving weight to such considerations as whether the facts are related in time, space, origin, or motivation[;] whether they form a convenient trial unit[;] and whether their treatment as a unit conforms to the parties’ expectations or business understanding or usage.”
Id. (citing Nevada v. United States, 463 U.S. 110, 131, 103 S.Ct. 2906, 77 L.Ed.2d 509 (1983)).
¶ 17. In the case before us, the circuit court found that the factor of identify of the cause of action was satisfied because the transactional relationships were identical. We agree. The facts and circumstances relied upon in both suits are identical.
C. Identity of the parties to the cause of action.
¶ 18. Under this factor, “strict identity of the parties is not necessary. A non-party defendant can assert res judicata so long as it is in ‘privity’ with a named defendant.” Id. at (¶ 17). This Court has noted the following regarding privity:
Privity is a word which expresses the idea that as to certain matters and in certain circumstances persons who are not parties to an action but who are connected with it in their interests are affected by the judgment with reference to interests involved in the action, as if they were parties. “Privity” is a broad concept that requires us to look at the surrounding circumstances in order to determine whether a claim preclusion is justified.
In re Estate of Bell, 976 So.2d 965, 968 (¶ 7) (Miss.Ct.App.2008) (internal citations omitted).
¶ 19. In the case before us, the named parties are identical or in privity with one another. In the collection suit filed by Trussell Enterprises, Fason and Fason’s business, Hendrix Corner Store, were named as defendants. In Fason’s suit, she named Trussell Enterprises and Hugh Trussell as defendants, and she stated in her complaint that Hugh Trussell was the registered agent and president of Trussell Enterprises. The circuit court found that this factor was met because “the pleadings of both parties acknowledge that Hugh Trussell is in privity with Trussell Enterprises.” The circuit court noted that “Fa-son argues otherwise but in fact sued Trussell and Trussell Enterprises ..., [and the] suit could not proceed against both without privity.” We agree with the circuit court’s resolution of this factor.
D. Identity of the quality or character of a person against whom the claim is made.
¶ 20. Our supreme court has noted that it has not “explicitly defined the identify of the quality or character of a person against whom the claim is made.” Hill, 17 So.3d at 1086 (¶ 18). However, where a named defendant was the same in both actions, our supreme court has held that this factor is met. See id. at 1087 (¶ 18).
¶ 21. In the case before us, the circuit court found that the “character and identity of the parties is the same in both suits[,] and therefore, the identify of the quality or character of a person against whom the claim is made is satisfied.” We agree.
¶ 22. In sum, we find that all four res judicata factors have been met.[4] *461 Therefore, Fason’s claims are barred by res judicata. As such, we affirm the circuit court’s grant of summary judgment. Because this issue is dispositive of this appeal, we decline to address the other issues raised by Fason.
¶ 23. THE JUDGMENT OF THE WEBSTER COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON AND FAIR, JJ., CONCUR. IRVING, P.J., AND MAXWELL, J., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.

. We refer to the Appellees collectively as "Trussell” unless the context requires otherwise.

. On September 21, 2010, Fason stopped operating the Hendrix Corner Store.

. The default judgment was signed by the circuit court on May 13, 2011, but it was not stamped filed until May 16, 2011.

. We also note that a "judgment by default is given the same effect as if a verdict was *461 entered for the plaintiff and accordingly can have [a] preclusive effect on other litigation." Franklin Collection Serv., Inc. v. Stewart, 863 So.2d 925, 929 (¶ 10) (Miss.2003).