# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-CP-00462-COA

IKECHUKWU HYGINUS OKORIE                                         APPELLANT

v.

CITIZENS BANK                                                                    APPELLEE

DATE OF JUDGMENT:                    04/16/2024
TRIAL JUDGE:                               HON. SHEILA HAVARD SMALLWOOD
COURT FROM WHICH APPEALED:   FORREST COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANT:         IKECHUKWU HYGINUS OKORIE (PRO SE)
ATTORNEYS FOR APPELLEE:          R. LANE DOSSETT
                                               L. CLARK HICKS JR.
NATURE OF THE CASE:                  CIVIL - REAL PROPERTY
DISPOSITION:                              AFFIRMED - 06/10/2025
MOTION FOR REHEARING FILED:

**BEFORE BARNES, C.J., McDONALD AND LAWRENCE, JJ.**

**LAWRENCE, J., FOR THE COURT:**

¶1.     In 2023, Ikechukwu Hyginus Okorie filed a complaint against Citizens Bank to quiet and confirm title regarding property in Hattiesburg. The chancery court dismissed his case, and Okorie appealed that dismissal to the supreme court. The supreme court later dismissed his appeal as moot due to foreclosure of the subject property, but in 2024, while the appeal was still pending, Okorie filed a subsequent complaint against Citizens Bank to quiet and confirm title regarding the same property. Okorie's second complaint was dismissed largely pursuant to the doctrine of res judicata. Okorie appealed again, and the appeal was assigned to this Court. After review, we conclude that Okorie's case is barred by res judicata and affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2.     The history between Okorie and Citizens Bank spans several years and largely centers around a piece of commercial property located at 3700 Hardy Street in Hattiesburg, Mississippi ("Hardy Street property"). The following is an abbreviated summary of that history leading to the current stage of proceedings. On February 27, 2019, Okorie filed a petition for Chapter 11 bankruptcy. Two years later, on February 17, 2021, Okorie voluntarily converted his case to a Chapter 7 bankruptcy. On March 26, 2021, Citizens Bank sought relief from the automatic stay in bankruptcy court, and the trustee requested to abandon the Hardy Street property from the bankruptcy estate. The bankruptcy court granted that request, without objection, on May 17, 2021.

¶3.     On approximately June 2, 2021, Okorie reaffirmed his debt to Citizens Bank. On September 21, 2021, a new promissory note and deed of trust were executed for the collateralized Hardy Street property. On October 5, 2021, Okorie was discharged from bankruptcy. However, Okorie failed to timely make his payments to Citizens Bank over the next two years, and Citizens Bank initiated foreclosure proceedings on approximately June 7, 2023. Okorie then requested injunctive relief from the bankruptcy court to prevent a foreclosure. The bankruptcy court denied Okorie's request because the property had already been removed from the bankruptcy estate.[1]

¶4.     On October 26, 2023, Okorie filed a complaint in the Forrest County Chancery Court

---

[1] Okorie was unsuccessful on appeal from the decisions in both the federal district court, *see Okorie v. Citizens Fin. Grp. Inc.*, No. 2:23-CV-100-TBM-RPM, 2023 WL 6214032 (S.D. Miss. July 20, 2023), and the Fifth Circuit Court of Appeals, *see* Order, *In re Okorie*, No. 23-60505, 2023 WL 10416030 (5th Cir. Nov. 15, 2023).

against Citizens Bank to quiet and confirm title to the Hardy Street property. At some point, Citizens Bank and its trustee filed a motion to dismiss.[2] On January 25, 2024, the chancery court granted Citizens Bank's motion to dismiss.[3] The order explained that Okorie's argument was "legally defective," but even so, the Hardy Street property "was abandoned from the bankruptcy estate on May 17, 2021, and the Citizens Bank deed of trust was executed by Okorie on September 21, 2021." Okorie appealed that decision to the Mississippi Supreme Court on February 7, 2024.

¶5.     On March 1, 2024—less than a month after filing an appeal with the supreme court and while the appeal was still pending—Okorie filed another complaint in the Forrest County Chancery Court against Citizens Bank concerning the same property and the same deed of trust. The complaint requested a declaratory judgment and injunctive relief concerning Okorie's rights to the Hardy Street property. Of note, Okorie stated that "[t]he instant dispute has also been the subject of Dr. Okorie's quiet title action in this [c]ourt (Ikechukwu Hyginus Okorie, Case No. 23-cv-509-SM), which is still pending determination." Okorie concluded the complaint by asking the court for a judgment declaring his rights and entitlement "to a quiet ownership of the subject property[.]" He also filed a separate petition for a temporary restraining order, asking that Citizens Bank be prohibited from proceeding with foreclosure

---

[2] R. Andrew Foxworth Esq. was the trustee for Citizens Bank. He was later dismissed as a party from the case in the court's later order granting summary judgment, stating, "Foxworth is not a party to this cause, but, if he were to be a party, he is dismissed as a result of the Complaint not stating a claim against him."

[3] Another lienholder, Wells Fargo Bank, had joined Citizens Bank's motion and was also subject to the order granting summary judgment and dismissing the case.

"until such time as the case can be heard on the merits thereof, and a determination made." On March 4, 2024, Okorie filed a motion in the chancery court requesting the recusal of Chancellor Sheila Smallwood with an accompanying affidavit. The motion reasoned that Okorie was "presently initiating a federal lawsuit against" Chancellor Smallwood, which "stem[med] from actions and decisions made" by her in a prior case.[4] Chancellor Smallwood did not recuse.

¶6.     On March 28, 2024, Citizens Bank filed a motion to dismiss pursuant to the doctrine of res judicata.[5] Additionally, the motion alleged that Okorie's claim for injunctive relief to prevent foreclosure was now moot, as the foreclosure had occurred, and the property had been sold. On April 2, 2024, Okorie filed a motion for injunctive relief against Citizens Bank.[6] On April 3, 2024, Citizens Bank filed a motion for a protective order and/or a stay of discovery and a motion for a pre-filing injunction. The motion stated that Okorie had requested numerous discovery materials and made multiple filings with the court consisting of "frivolous allegations" concerning the same property. On the same day, evidently, Okorie filed a request for the production of documents, interrogatories, and requests for admissions. He also filed responses to Citizens Bank's motions for dismissal and a protective order.

---

[4] Okorie also filed a motion in bankruptcy court for the recusal of United States Bankruptcy Judge Katharine M. Samson.

[5] As an alternative argument, Citizens Bank argued the case should be dismissed under the "priority of jurisdiction rule," citing *Braswell v. Ergon Oil Purchasing Inc.*, 179 So. 3d 997, 1002-03 (Miss. 2015).

[6] The motion stated that an individual had "claim[ed] ownership of the property and ha[d] made attempts to change property access and conditions."

Citizens Bank filed an amended motion to dismiss, requesting summary judgment as an alternative remedy on April 15, 2024. Additionally, Okorie filed an "urgent request regarding [Citizens Bank]'s motions and implications of denied discovery."

¶7. On April 16, 2024, the chancery court entered its final judgment granting Citizens Bank's motion to dismiss. The court stated the pleadings purported that "both cases involve the same parties and the same issues, and all elements of res judicata [we]re satisfied."[7] Further, the complaint was "a collateral attack against [the chancery court]'s prior findings" in a case that was presently pending before the Mississippi Supreme Court. As such, Okorie's case was barred by res judicata and, now, ultimately moot based upon Citizens Bank's March 28 foreclosure on the Hardy Street property. On April 19, 2024, Okorie appealed for a second time.

¶8. On August 1, 2024, the Mississippi Supreme Court entered an order in Okorie's first appeal, providing:

> Dr. Okorie appealed an order granting summary judgment for Appellees in **his suit to quiet and confirm title to certain property**. Appellee Citizens Bank argues that a March 28, 2024 foreclosure sale renders the appeal moot. Dr. Okorie opposes the motion, asserting that the appeal should proceed based on the "capable of repetition but evading review" doctrine and the public-interest exception to the mootness doctrine. After due consideration, we find that Dr. Okorie sued to quiet and confirm title; however, a subsequent foreclosure sale divested him of all legal and equitable interest in the foreclosed property. *See Moore v. Marathon Asset Mgmt. LLC*, 973 So. 2d 1017, 1021 (Miss. Ct. App. 2008) ("After a foreclosure sale, 'the debtor is divested of all legal and equitable interest in the foreclosed property.'" (quoting *In re Applewhite*, 106 B.R. 468, 469-70 (Bankr. S.D. Miss. 1989))). So he cannot maintain a quiet-title suit. . . . Thus **this appeal is moot**, and neither the "capable of repetition but evading review" doctrine nor the public-interest exception to the mootness

---

[7] The record indicates that the motion to dismiss was granted upon a hearing.

5

doctrine apply. IT IS THEREFORE ORDERED that **the appeal is dismissed**.

Order #253173 (emphasis added), *Okorie v. Citizens Bank, Foxworth & Wells Fargo Bank, Nat'l Ass'n*, No. 2024-CP-00166-SCT (Miss. Aug. 1, 2024). The supreme court's mandate issued on August 22, 2024.

¶9.    On August 7, 2024, Citizens Bank filed a motion in the supreme court requesting that this appeal be dismissed as moot. Okorie filed a response in opposition on August 13, 2024. On September 5, 2024, Citizens Bank filed a subsequent motion requesting a stay of the appellate briefing schedule pending disposition of the motion to dismiss the case as moot. On July 23, 2024, the supreme court granted the motion to stay, ordering that the "[b]riefing in this appeal [wa]s stayed" pending Citizens Bank's motion to dismiss on the ground of mootness. On September 20, 2024, Okorie filed a motion to stay any eviction pending appeal. Citizens Bank filed a response in opposition on September 23, 2024. On October 31, 2024, the supreme court denied Citizens Bank's motion to dismiss for mootness and the motion to stay the briefing schedule.[8] This order additionally dismissed Okorie's motion to stay eviction. On November 26, 2024, Okorie filed an emergency motion to stay an execution of writ of possession pending appeal, which was later denied.[9]

---

[8] The supreme court's order provides no reasoning for denying the motion to dismiss for mootness. In keeping with that order, we decline to address that argument in this opinion.

[9] Okorie also filed a notice of supplemental authority, *University Mall LLC v. Okorie*, No. 2:24-CV-91-KS-MTP (S.D. Miss. Nov. 21, 2024). This case, he stated, granted possession of the subject property "to University Mall, LLC, following a foreclosure sale conducted by Citizens Bank" and therefore supported his brief's statement of the case and argument against mootness. We decline to address University Mall LLC's rights to or possession of the Hardy Street property because the entity is not a party in these proceedings

¶10. On December 16, 2024, Okorie filed an emergency motion for reconsideration and requested a stay of eviction. The Mississippi Supreme Court denied the motion that same day. On December 30, 2024, Okorie filed a motion for judicial notice[10] of a title opinion that detailed "ownership, encumbrances, and taxes related to the property." On January 27, 2025, Okorie filed another motion requesting judicial notice of an updated version of the title document. Citizens Bank filed a response on January 29, 2025, opposing the motions for judicial notice and asserting the title opinion had not been "considered by the [chancery] court and was not a basis of the ruling in this case." On February 5, 2025, the Mississippi Supreme Court entered an order denying the emergency motion for reconsideration and a stay of eviction. On June 4, 2025, this Court denied both of Okorie's motions for judicial notice. Order #257744, *Okorie v. Citizens Bank*, No. 2024-CP-00462-COA (Miss. Ct. App. June 4, 2025).

¶11. Citizens Bank had also filed a letter in this appeal in accordance with Mississippi Rule of Appellate Procedure 28(k)[11] on February 18, 2025. Attached and submitted as persuasive

---

and is irrelevant to the appeal before us.

[10] "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." MRE 201(b)(1)-(2).

[11] Rule 28(k) provides guidelines for citation of supplemental authorities:

When pertinent and significant authorities come to the attention of counsel after the party's brief has been filed, or after oral argument or decision, the party may promptly advise the clerk of the Supreme Court, by letter with a copy to all counsel, setting forth the citations. There shall be a reference either to the page of the brief or to a point argued orally to which the citations

7

authority was a chancery court order from another case, *Signature One Reality LLC v. University Mall LLC & Okorie* (identified as Forrest County Chancery Court Cause No. 24-cv-728), which concerned the same Hardy Street property. The order granted a motion for partial summary judgment in favor of University Mall LLC against cross-defendant Okorie, who "ha[d] no title or claim to title in the [Hardy Street] property[.]" The judgment was declared final pursuant to Mississippi Rule of Civil Procedure 54(b). On February 27, 2025, Okorie filed a response to the Rule 28(k) letter.

## DISCUSSION

¶12.    On appeal, Okorie argues the chancery court applied res judicata in error. "Res judicata reflects the refusal of the law to tolerate a multiplicity of litigation" and thus "bars parties from litigating claims within the scope of the judgment in a prior action." *Pickle v. State*, 203 So. 3d 753, 758 (¶15) (Miss. Ct. App. 2016) (citing *Hill v. Carroll County*, 17 So. 3d 1081, 1084 (¶8) (Miss. 2009)). Whether res judicata applies "is a question of law and will therefore be reviewed de novo." *Est. of Oliver v. Oliver*, 363 So. 3d 664, 679-80 (¶44) (Miss. Ct. App. 2019) (quoting *Griffin v. ABN AMRO Mortg. Grp. Inc.*, 232 So. 3d 189, 191 (¶7) (Miss. Ct. App. 2017)).

¶13.    To apply res judicata, "the prior judgment must be a final judgment adjudicated on the merits." *Avakian v. Wilmington Tr. Nat'l Ass'n*, 242 So. 3d 961, 969 (¶22) (Miss. Ct. App.

---

pertain, but the letter shall, without argument, state the reasons for the supplemental citations. Any response shall be made promptly and shall be similarly limited.

M.R.A.P. 28(k).

8

2018) (quoting *Doss v. Dixon*, 131 So. 3d 1265, 1269 (¶8) (Miss. Ct. App. 2014)). "A final judgment on the merits is a judgment based on the evidence rather than on technical or procedural grounds." *Id.* (quoting *Est. of White v. White*, 152 So. 3d 314, 317 (¶10) (Miss. 2014)). The final judgment in Okorie's first chancery case granted summary judgment while thoroughly addressing the merits of the case. While some pleading deficiencies were discussed, the judgment concluded, "It is undisputed as a matter of law that title to the Property is validly in the name of Royal Oaks and that Citizens Bank and Wells Fargo have valid encumbrances against the property." The judgment is final; we now proceed to the application of the res judicata doctrine.

¶14. "[R]es judicata will bar a claim if four identities are present and the same in both cases: (1) identity of the subject matter of the action; (2) identity of the cause of action; (3) identity of the parties to the cause of action; and (4) identity of the quality or character of a person against whom a claim is made." *Ward Gulfport Props. L.P. v. Miss. State Highway Comm'n*, 176 So. 3d 789, 793 (¶10) (Miss. 2015) (quoting *Channel v. Loyacono*, 954 So. 2d 415, 424 (¶31) (Miss. 2007)). "The absence of any one of the listed identities is fatal to the defense of res judicata." *Id.* We address each identity in turn.

A.      **Identity of the Subject Matter of the Action**

¶15. "The doctrine of res judicata bars a second action between the same parties on the subject matter directly involved in the prior action." *Hill*, 17 So. 3d at 1085 (¶12) (quoting *Harrison v. Chandler-Sampson Ins. Inc.*, 891 So. 2d 224, 232 (¶26) (Miss. 2005)). Subject matter, in this context, has been defined by the supreme court "as the substance of the

9

lawsuit." *Id.* (citing *Harrison*, 891 So. 2d at 232-33 (¶26)). The "substance" of this lawsuit lies in possession of the Hardy Street property. Further, "[i]n older cases, the supreme court has referred to subject-matter identity as identity in the thing sued for." *Avakian*, 242 So. 3d at 969 (¶24) (quoting *Hill*, 17 So. 3d at 1085 (¶12)). The "thing sued for" in both of Okorie's complaints concerns the foreclosure of the Hardy Street property by Citizens Bank pursuant to a deed of trust. Therefore, the first identity of res judicata is present.

### B. Identity of the Cause of Action

¶16. The second identity of a res judicata analysis concerns "the identity of the underlying facts and circumstances upon which a claim has been brought." *EMC Mortg. Corp. v. Carmichael*, 17 So. 3d 1087, 1090 (¶12) (Miss. 2009) (quoting *Black v. City of Tupelo*, 853 So. 2d 1221, 1225 (¶11) (Miss. 2003)). The supreme court has "explained that identity of the cause of action exists when there is a **commonality in the underlying facts and circumstances** upon which a claim is asserted and relief sought from the two actions." *Little v. V & G Welding Supp. Inc.*, 704 So. 2d 1336, 1338 (¶11) (Miss. 1997) (emphasis added) (internal quotation marks omitted) (citing *Riley v. Moreland*, 537 So. 2d 1348, 1354 (Miss. 1989)).

¶17. There is certainly a commonality, to say the least, between Okorie's causes of action. Okorie's first chancery complaint requested the court quiet and confirm title in the Hardy Street property when Citizens Bank attempted to foreclose pursuant to a deed of trust. Okorie's second chancery complaint requested the court to enter a judgment declaring his rights to the Hardy Street property, as well as to quiet title in the same property. *See*

*Harrison*, 891 So. 2d at 236 (¶¶35-36) (finding second identity of res judicata present where a suit was "against the same defendant, seeking the same relief for the same injuries in the same court, based on the same transaction"). In addition, the second complaint lists facts surrounding the subsequent foreclosure on the Hardy Street property already addressed in the first complaint. Therefore, "[i]n light of [Okorie's] reliance on the same facts and circumstances, . . . the second identity is met." *Little*, 704 So. 2d at 1338 (¶11) (citing *Riley*, 537 So. 2d at 1354).

### C.     Identity of the Parties to the Cause of Action

¶18.    "The third factor that must be present in order for res judicata to apply is identity of the parties to the cause of action." *Little*, 704 So. 2d at 1339 (¶15). "[S]trict identity of parties is not necessary" for satisfaction of this factor. *Harrison*, 891 So. 2d at 232 (¶26). The identities of the parties—Okorie as plaintiff and Citizens Bank as defendant—are identical in both complaints. The third identity is therefore met.

### D.     Identity of the Quality or Character of a Person Against Whom the Claim is Made

¶19.    The Mississippi Supreme Court "has not explicitly defined the identity of the quality or character of a person against whom the claim is made." *Clark v. Neese*, 262 So. 3d 1117, 1124 (¶21) (Miss. 2019) (quoting *Hill*, 17 So. 3d at 1086 (¶18)). "However, **where a named defendant was the same in both actions**, our supreme court has held that this factor is met." *Fason v. Trussell Enters. Inc.*, 120 So. 3d 454, 460 (¶20) (Miss. Ct. App. 2013) (emphasis added) (citing *Hill*, 17 So. 3d at 1087 (¶18)). Here, Citizens Bank was named in both of Okorie's actions and complaints as a defendant. This fourth identity is therefore present.

¶20. Okorie additionally argues that his due process rights have been violated. However, a bar by the res judicata doctrine is dispositive. *See Fason*, 120 So. 3d at 460-61 (¶22) (declining to address other issues due to the bar by res judicata). Therefore, we decline to address these remaining arguments.

**CONCLUSION**

¶21. In summary, "[t]he identities of the doctrine of res judicata and the preclusive effect of the presence of those identities are well-woven into the fabric of Mississippi jurisprudence," and as such, are dispositive in Okorie's appeal. *Hill*, 17 So. 3d at 1085 (¶11). Following a de novo review, this Court affirms the chancery court's final judgment. Okorie continues to pursue legal action against Citizens Bank despite the federal bankruptcy court, the Forrest County Chancery Court (twice), the Mississippi Supreme Court, and now this Court have all ruled against the claims he asserts. Having reached the end of the legal line concerning the foreclosure of the Hardy Street property, Okorie may do well to recognize the end of this legal saga to stand clear of potential Rule 11 sanctions.

¶22. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, McCARTY, EMFINGER, WEDDLE AND ST. PÉ, JJ., CONCUR.**